UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21797-CIV-JEM

| | |
|---|---|
| JOSE OQUENDO OCASIO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| FOODS OF SOUTH FLORIDA, INC. d/b/a MR. MIKE'S GROCERY STORE, CAROLINA KATTOURA, MICHAEL KATTOURA, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**PLAINTIFF'S REPLY TO [DE61]**

COMES NOW the Plaintiff, through the undersigned, and replies to Defendants' Verified

Response in Opposition to Plaintiffs' Motion for Sanctions Pursuant to 28 U.S.C. Section 1927

and Request for an Award of Fees, filed by Defendants as [DE61], and in support thereof stats as

follows:

1. Defendants have offered no black letter law that controls supervised settlement

   agreements in the FLSA context. Defendants do not have legal basis for their pleading

   and could have withdrawn their pleading and merely paid the default provision amount,

   but have refused and decided to allow a pleading to remain in the record that makes

   unfounded allegations of violations.

2. Plaintiff, by entering into a settlement agreement with Defendants in the FLSA context,

   agreed to compromise his claims and dismiss the action with prejudice against

   Defendants, jointly and severally, and specifically requested that the Court retain

   jurisdiction to enforce the terms of the settlement agreement after the Court has ruled on

the fairness of said compromise. *See* the Parties Joint Motion for Approval [DE43]; *See also, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

3. The Court specifically looks at whether the Agreement is "fair and reasonable." "To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace." *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The Court has discretion to look at other factors and certain factors only "provide a general framework for evaluating an FLSA compromise, but the history and policy of the FLSA require several additional considerations." *Id.* at 1241. **Thus, it is abundantly clear that the Court is not just taking a cursory look at the division of damages to plaintiff and fees to his/her counsel, but rather is actually reviewing the agreement in its totality.**

4. For example, the Congressional intent of the Act is to promote the adjustment of a dispute instead of the litigation of that dispute and, thus, Courts in this District are not reticent to strike or disapprove unenforceable provisions in FLSA Agreements. The Court on approving the parties' settlement agreement in *Sanchez v. Nestor Chayele, et al.,* Case No.: 16-21975-UU [DE36] specifically noted in said Order that "The Court, however, passes no judgment on the enforceability of the agreement's non-disparagement and confidentiality provisions." *See also, Lopez v. South Florida Shavings Inc., et al.,* Case

No.: 14-80614-DTKH [DE91] wherein the Court approved the parties' joint motion for approval of FLSA settlement agreement except for the confidentiality provision and the mutual non-disparaging remarks provision in their entirety as the Court held that both provisions were inconsistent with the central remedial purpose of the FLSA. The reasoning behind striking the confidentiality provisions is likely because it contravenes FLSA policy by compelling silence and thwarting wide-spread compliance.

5. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) recognized the fact that due to the unequal bargaining power between employer and employee certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. Further, the waiver provision found in section 216(c) was intended to create an incentive for employers to voluntarily accept settlements supervised by the Department of Labor. *Id.* at 1353; *See also, Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977).

6. Unlike these other matters, wherein certain provisions were either stricken by the Court *sua sponte* or the Court reserved ruling on same, in the case at bar, the Court approved the Parties' Settlement Agreement in its entirety. The default provision in said agreement was, therefore, also subject to the Court's review as it directly relates to the fairness of the compromise and whether the settlement funds will be paid.

7. A default provision if enforced empowers Plaintiff, and other plaintiffs in the FLSA context, to exercise FLSA rights, provides assurance to the Plaintiff that in compromising his rights there are consequences if Defendants do not adhere to the terms jointly negotiated for (i.e. Plaintiff is dismissing his claims with prejudice and, in turn,

Defendants are going to pay Plaintiff the settlement funds, etc.), and the default provision further advances the legislative intent. Part and parcel of Plaintiff's willingness to compromise his claims knowing that the Court will retain jurisdiction to enforce the terms of the agreement.

8. Upon Defendants breach of the Agreement, Plaintiff moved to enforce the Agreement and, per the penalty provision [DE43-1, ¶3], Plaintiff also moved this Court for entry of a Final Default Judgment against Defendants, jointly and severally, and for any and all fees and costs incurred for collection. *See, DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009); *See also,* [DE43-1, ¶17].

9. Defendants jointly negotiated the terms of the agreement and jointly drafted the agreement.

10. As a general rule, "one who agrees to settle his claim cannot subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle." *Frattallone v. Black Diamond Coating, Inc.,* No. 8:14-CV-2818-T-33TBM, 2015 WL 476193, at *3 (M.D. Fla. Feb. 5, 2015). The converse is true, Defendants negotiated and agreed to the settlement of Plaintiff's claims and now, in retrospect, seek the benefit of having the claim dismissed against Defendants but will not agree to the Court enforcing the Agreement with the very terms that were agreed to in order to ascertain that dismissal.

11. Defendants and their counsel have, in bad faith, filed a vexatious responsive pleading [DE52] in opposition to Plaintiff's Motion to Enforce [DE45] that, in retrospect, challenges the penalty provision, cites to a litany of inapplicable case law as to an unconscionable penalty provision, none of which involved Court approval of the

agreements in their entirety and none of which are in relation to FLSA matters, and, thus, unnecessarily multiplied the proceedings, caused unnecessary legal work to be expended by Plaintiff's counsel and the Court, and recklessly accuses and misrepresents that Plaintiff's counsel failed to notify the Court of receipt of additional settlement payments in spite of the filing of [DE47].

12. Defendants attempt to frame Plaintiff's Motion as retribution for other cases and "as an act of personal hostility towards" Defense counsel.[1] This is completely untrue and without merit. The undersigned does not bear any ill-will towards Ms. Langbein, despite what Ms. Lanbein may or may not think. The undersigned is advocating for her client and for his rights under the FLSA. Plaintiff negotiated a settlement, which Defendants actively participated in, are unhappy with the results in retrospect, and are attempting to avoid having to comply with their side of what was bargained for. The undersigned is able to make professional judgments and not to let what happens in one case effect her judgment in another.

13. On the contrary, it appears that Defense counsel cannot put her personal feelings aside with respect to Plaintiff's counsel and the undersigned Firm bur rather continues to launch a personal attack against same and loosely implies that Plaintiff's counsel is attempting to retaliate against Defense counsel for other matters, which is unwarranted.

14. A frivolous responsive pleading [DE52] is sanctionable. Therefore, for the reasons set forth *supra,* Defendants and Defendants' counsel should be sanctioned respectively under 28 U.S.C. Section 1927. In the instant matter, Defendants' responsive pleading [DE52] is

---

[1] This is a classic red-herring by Ms. Langbein as an attempt to detract from the merits of Plaintiff's Motion.

frivolous for the reasons set forth herein and Defendants and Defendants' counsel should be sanctioned respectively under 28 U.S.C. Section 1927.

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THIS COURT TO IMPOSE SANCTIONS UNDER 28 U.S.C. SECTION 1927 AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL, JOINTLY AND SEVERALLY, AND ALLOW PLAINTIFF (20) DAYS FROM THE COURT'S ORDER TO FILE A MOTION DOCUMENTING THE AMOUNT OF FEES AND COSTS SOUGHT RELEVANT TO DEFENDANTS' SANCTIONABLE PLEADINGS.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR DEFENDANTS
300-71ST STREET
SUITE 605
MIAMI BEACH, FL 33141
305-865-6766
305-865-7167

_ s/ Rivkah Jaff __
Rivkah Jaff, Esquire
Florida Bar No.: 107511

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/23/17 TO:**

**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**PH: 305-556-3663**
**FAX: 556-3647**
**EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____**
**RIVKAH F. JAFF, ESQ.**