UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21797-CIV-JEM

JOSE OQUENDO OCASIO and all others )
similarly situated under 29 U.S.C. 216(b), )
                                           )
           Plaintiff,                      )
    vs.                                    )
                                           )
FOODS OF SOUTH FLORIDA, INC. d/b/a         )
MR. MIKE'S GROCERY STORE,                  )
CAROLINA KATTOURA,                         )
MICHAEL KATTOURA,                          )
                                           )
           Defendants.                     )
_____)

**PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11**

COMES NOW the Plaintiff, through the undersigned, and moves the Court to impose sanctions against Defendants and Defendants' counsel, jointly and severally, as follows under Rule 11:

1. The Parties entered into a Settlement Agreement[1] (the "Agreement") that resolved all claims the Parties had or owned against each other resulting from any act of omission by or on the part of either Party committed prior to the date of the execution of the Agreement.[DE43-1, ¶1]. Both Parties jointly participated in the negotiation of the Agreement and the Agreement was the product of joint draftsmanship by the Parties. *Id.*, ¶20.

2. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th

---

[1] The Settlement Agreement was attached to the Joint Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice [DE43] as Exhibit A thereto. [DE43-1].

Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

3.  As such, the Parties moved the Court for approval of the Agreement and dismissal of the instant lawsuit, requesting that the Court retain jurisdiction to enforce the terms of the Agreement.

4.  On March 10, 2016, this Court reviewed the terms of the Parties' Agreement and, thereafter, entered an Order Approving Settlement Agreement and Dismissing Case with Prejudice [DE 44] concerning fairness of the Parties FLSA Settlement pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982) and attorneys' fee award and granted the Parties Joint Motion for Approval of Parties' Settlement Agreement and, Joint Motion to Dismiss Amended Complaint [DE 43] (the "Joint Motion"). The Order Approving the Settlement Agreement [DE 44] expressly provides that the Court retains jurisdiction to enforce the terms of the Settlement Agreement.

5.  Upon Defendants breach of the Agreement, Plaintiff moved to enforce the Agreement and, per the penalty provision [DE43-1, ¶3], Plaintiff also moved this Court for entry of a Final Default Judgment against Defendants, jointly and severally, and for any and all fees and costs incurred for collection. *See, DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009); *See also,* [DE43-1, ¶17].

6.  Defendants and their counsel then, in bad faith, filed a vexatious responsive pleading

[DE52] in opposition to Plaintiff's Motion to Enforce [DE45] that, in retrospect, challenges the penalty provision,[2] cites to a litany of inapplicable case law as to an unconscionable penalty provision, none of which involved Court approval of the agreements in their entirety and none of which are in relation to FLSA matters, and, thus, unnecessarily multiplied the proceedings, caused unnecessary legal work to be expended by Plaintiff's counsel and the Court, and recklessly accuses and misrepresents[3] that Plaintiff's counsel failed to notify the Court of receipt of additional settlement payments in spite of the filing of [DE47].[4]

7. A frivolous responsive pleading [DE52] is sanctionable. Therefore, for the reasons set forth *supra,* Defendants and Defendants' counsel should be sanctioned respectively under Rule 11.

---

[2] Ms. Langbein, Esq., only recently appeared to oppose the default motion after Defendants' prior attorney withdrew.

[3] Plaintiff's Motion [DE54] was stricken by the Court *sua sponte* for failure to comply with the conferral requirement of Local Rule 7.1. [DE57]. Plaintiff conferred with Defendants refiled same. Only subsequent to the filing of Plaintiff's Reply [DE53] and the filing of the instant Motion as [DE54] did Defendants file a Notice of Correction giving notice of the misstatement contained in their response to Plaintiff's Motion for Enforcement of Settlement and Entry of Final Default Judgment which misrepresented that Plaintiff's counsel had not given notice to the Court of monies received subsequent to the filing of their Motion to Enforce. [DE56]. Defendants assert that not until 7:42 p.m. on January 4, 2017, was this misrepresentation brought to Defense counsel's attention. Had Defense counsel taken the time to review the CM/ECF docket it would have been made known to Defense counsel prior to any filing as Plaintiff filed a Notice [DE47] with the Court on 12/13/16 at 4:28 p.m. and, as prior counsel represented that he no longer represented Defendant Michael Kattoura and that Plaintiff's counsel could directly communicate with him, a copy of the filing was sent directly to Mr. Kattoura's personal email account with prior counsel copied on same. *See attached* Exhibit "A." Thus, Plaintiff does not withdraw this as an additional basis for the instant Motion.

[4] Defendants are completely incorrect in stating that Plaintiff has failed to notify the Court that payment required by the Settlement Agreement has been made as Plaintiff filed his Notice of Payment of Outstanding Breach on November 2016 Payment. [DE47]; *See also,* [DE47, FN 3, wherein Plaintiff notifies the Court regarding the December installment and the untimely payment of same. Further evidencing Defense counsel's bad faith, this offensive and untruthful allegation was not even retracted in spite of Plaintiff's Reply being filed [DE53] which specifically put her on notice of the same.

## **MEMORANDUM OF LAW**

Defendants' Response to Plaintiff's Motion for Entry of Final Default Judgment filed by Defendants as [DE52] due to the frivolous content of the pleading is vexatious and in bad faith under Section1927.  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)(conduct is vexatious and unreasonable when it "results in proceedings that would not have been conducted otherwise[]"). Plaintiff therefore seeks sanctions for all fees and costs accordingly against both Defendants and Defendants' counsel in relation to their frivolous and bad faith pleading.

For purposes of brevity, Plaintiff refers to his Motion to Enforce the Settlement Agreement [DE45] and his Reply in support of same [DE53].  As explained therein, the Agreement was a result of joint draftsmanship and, at all times, both Parties were represented by counsel experienced in FLSA litigation who negotiated a settlement that was acceptable to both Plaintiff and Defendants. The parties negotiated the settlement of the matter in good faith, and there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement. [DE43-1, ¶20]. Upon execution to same, the Parties submitted their Agreement for Court approval [DE43] and, thereafter, on March 10, 2016, this Court reviewed the terms of the Parties' Agreement and entered an Order Approving Settlement Agreement[5] and Dismissing Case with Prejudice [DE 44] concerning fairness of the Parties FLSA Settlement pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982) and attorneys' fee award and granted the Parties Joint Motion for Approval of Parties' Settlement Agreement and, Joint Motion to Dismiss Amended Complaint [DE 43] (the "Joint Motion").

---

[5] In its entirety.

Defendants breached the Agreement and Plaintiff moved to enforce the terms of the same. *See* [DE44] (the Court retained jurisdiction to enforce the terms of the Agreement). Defendants, in their responsive pleading [DE52], despite participating in negotiating and drafting the Agreement and despite Court approval of the Agreement in its entirety, in retrospect,[6] argue that the penalty provision is "grossly disproportionate" and should not be enforced. *See also, Lefemine v. Baron,* 573 So. 2d 326, 328 (Fla. 1991) ("It is well settled that in Florida the parties to a contract may stipulate in advance to an amount to be paid or retained as liquidated damages in the event of a breach." *Poinsettia Dairy Prods. v. Wessel Co.,* 123 Fla. 120, 166 So. 306 (1936); *Southern Menhaden Co. v. How,* 71 Fla. 128, 70 So. 1000 (1916).). When the Court approved the entire Agreement the Court also approved the penalty provision and, as such, Defense counsel's arguments challenging the default provision are frivolous.[7]

In order to support their contentions, Defendants, in their responsive pleading [DE52], cite to a litany of case law as to an unconscionable penalty provision, none of which involved Court approval of the agreements in their entirety and none of which are in relation to FLSA matters, and, thus, unnecessarily multiplied the proceedings, caused unnecessary legal work to be expended by Plaintiff's counsel and the Court. For example, Defendants cite to *Lefemine v. Baron,* 573 So. 2d 326, 328 (Fla. 1991), wherein purchasers, who were unable to obtain

---

[6] Some ten (10) months after the Court approved the Agreement.

[7] Courts in this District are not reticent to strike or disapprove unenforceable provisions in FLSA Agreements. The Court on approving the parties' settlement agreement in *Sanchez v. Nestor Chayele, et al.,* Case No.: 16-21975-UU [DE36] specifically noted in said Order that "The Court, however, passes no judgment on the enforceability of the agreement's non-disparagement and confidentiality provisions." *See also, Lopez v. South Florida Shavings Inc., et al.,* Case No.: 14-80614-DTKH [DE91] wherein the Court approved the parties' joint motion for approval of FLSA settlement agreement except for the confidentiality provision and the mutual non-disparaging remarks provision in their entirety as the Court held that both provisions were inconsistent with the central remedial purpose of the FLSA. Unlike these other matters, in the case at bar, the Court approved the Parties' Settlement Agreement in its entirety.

financing, sued a vendor for return of their deposit and the issue on appeal was whether the default provision in a real estate contract entitling the broker to one-half of the deposit as liquidated damages was enforceable as a liquidated damages clause or was an unenforceable penalty clause. In the *Lefemine* matter, the agreement was not subject to court approval and was regarding a real estate contract, unlike the case at bar. Defendants also relied on *Resnick v. Uccello Immobilien GMBH, Inc.,* 227 F.3d 1347, 1350 (11th Cir. 2000) which is inapplicable and distinguishable from the present facts. In *Resnick*, the agreement required that "If Defendant could not complete the project in a timely fashion due to circumstances beyond its control, then Defendant would be afforded a reasonable delay upon agreement of the parties or by court order. Otherwise, delay in completion would result in liquidated damages of $100 per day plus costs and fees." *Resnick v. Uccello Immobilien GMBH, Inc.,* 227 F.3d 1347, 1349 (11th Cir. 2000).[8] Further, in *Resnick* the settlement agreement provided that, "if circumstances beyond Defendant's control delayed performance, then the parties could agree to a reasonable delay. If the parties could not agree, then the court could extend the time. Sixteen months after the settlement agreement, Defendant moved to extend the time to complete performance, which the court denied. " *Id.* at 1352. No such provision exists in the Agreement in the case at bar and Defendants did not seek any extension from either Plaintiff and/or the Court to timely comply with the provision in the Agreement. Defendants' payments have been problematic since the Court's approval as further evidenced by the November and December payments. Similarly, Defendants cite to *Covelli Family L.P. v. ABG5, LLC,* 997 So.2d 749 (Fla. 4 DCA 2008) which dealt with a real estate contract dispute that was not subject to court approval and not regarding an FLSA matter. A frivolous sanctions motion is also sanctionable.

---

[8] A non-FLSA case where no Court approval existed for the Settlement Agreement.

Payment of the Settlement funds has been problematic on many occasions since the Agreement was approved by the Court. Defendants have delivered payments late, and delivered payments that later had to be replaced, etc. When the December installment was delivered on December 8, 2016, Mr. Zidell, Esq., told the courier who delivered the check that it did not include the $500 penalty and he was assured that it would be delivered the following morning, December 9, 2016, by 10:00 a.m. Said $500 check never arrived until after the Motion to Enforce was filed on December 13, 2016. Further, Mr. Zidell, Esq., in no way intimated that Plaintiff would not proceed with the instant motion. Further, when the undersigned met with Defendants' daughter the undersigned told her that she would notify the Court of the non-payment as per [DE47]. The undersigned clearly indicated that her client had not given her any authority whatsoever to withdraw the pending Motion and, as such, would not be doing same. Defendants recklessly accuse Plaintiff and his counsel of withholding information from the Court regarding payments of installments[9] under the Agreement subsequent to moving to enforce the Agreement. Defendants were completely incorrect in stating that Plaintiff has failed to notify the Court that payment required by the Settlement Agreement has been made as Plaintiff filed his Notice of Payment of Outstanding Breach on November 2016 Payment. [DE47]; *See also,* [DE47, FN 3, wherein Plaintiff notifies the Court regarding the December installment and the untimely payment of same. Defendants' accusations are clearly unfounded and ignore the supplemental filing with the Court which specifically put the Court on notice immediately and on the very same day of receiving said payments, which all parties associated with the CM/ECF filings were copied on and the individual Defendant himself as well.

---

[9] The $500 check has the words "to cure default" written in the memo section and, thus, was **not** cashed to date. This check was back-dated by Defendants to December 9, 2016, when it was delivered to the undersigned on 12/13/16.

The clear distinction Section 1927 and Rule 11 is that rule 11 is designed to a afford 21 day safe harbor period to make the appropriate corrections, while §1927 does not provide the said safe harbor period. However, the Courts have found other distinct differences between the two rules.

> While many of the same general principles apply to sanctions under Rule 11 and sanctions under §1927, Rule 11 and §1927 are distinct sources of authority. They are aimed at addressing different kinds of misconduct, are different in scope, and are governed by quite different legal standards. See, e.g., *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (noting that Rule 11 "is aimed primarily at pleadings" and addresses the conduct of both parties and attorneys, while §1927 addresses "dilatory tactics throughout the entire litigation" and is focused solely on attorney conduct); *Chambers v. NASCO, Inc*., 501 U.S. 32, 47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (noting that Rule 11 permits attorney's fees "for conduct which merely fails to meet a reasonableness standard," **in contrast to a court's <u>inherent powers, which require a higher showing</u>**). Rule 11 cases do not dispose of the issues arising under § 1927 (emphasis added).

*Amlong & Amlong, P.A. v. Denny's, Inc*., 500 F.3d 1230, 1241 (11th Cir. Fla. 2006). A frivolous pleading is sanctionable. *See also, Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294 (11th Cir. 2002). In this case, Defendants' responsive pleading violates Rule 11 due to the frivolous content of the pleading. *See, Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), for the reasons set forth above. In the instant matter, Defendants' responsive pleading [DE52] is frivolous for the reasons set forth herein and Defendants and Defendants' counsel should be sanctioned respectively under Rule 11.

## **RULE 11(c)(2) CERTIFICATE**

I hereby certify that on 1/4/17 I served by e-mail and U.S. Mail a copy of this Motion with a correspondence referencing the applicable twenty-one (21) day safe harbor period, and this matter was not able to be resolved among the Parties.

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THIS COURT TO IMPOSE SANCTIONS UNDER RULE 11 AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL, JOINTLY AND SEVERALLY, AND ALLOW PLAINTIFF (20) DAYS FROM THE COURT'S ORDER TO FILE A MOTION DOCUMENTING THE AMOUNT OF FEES AND COSTS SOUGHT RELEVANT TO DEFENDANTS' SANCTIONABLE PLEADINGS.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR DEFENDANTS
300-71ST STREET
SUITE 605
MIAMI BEACH, FL 33141
305-865-6766
305-865-7167

_ s/ Rivkah Jaff __
Rivkah Jaff, Esquire
Florida Bar No.: 107511

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/27/17 TO:**

**LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21797-CIV-JEM

JOSE OQUENDO OCASIO and all others )
similarly situated under 29 U.S.C. 216(b), )
)
        Plaintiff, )
vs. )
)
FOODS OF SOUTH FLORIDA, INC. d/b/a )
MR. MIKE'S GROCERY STORE, )
CAROLINA KATTOURA, )
MICHAEL KATTOURA, )
)
        Defendants. )
_____ )

## **ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11**

This cause, having come before the Court on Plaintiff's above-described motion, and the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion is granted and therefore:

Sanctions are hereby entered against Defendants and Defendants' counsel, jointly and severally. Plaintiff shall have (20) days from this Order to file a Motion quantifying all fees and costs sought/incurred.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2016.

                                                       _____
                                                       JOSE E. MARTINEZ
                                                       UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record