UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.15-21797-cv-MARTINEZ/GOODMAN

JOSE OQUENDO OCASIO,

    Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC.,         On Referral
CAROLINA KATTOURA and
MICHAEL KATTOURA,

    Defendants.
_____/

## DEFENDANTS' VERIFIED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO Rule 11 and CORRESPONDING REQUEST FOR AN AWARD OF FEES

Defendants, FOODS OF SOUTH FLORIDA, INC., CAROLINA KATTOURA and MICHAEL KATTOURA, (together "Defendants") through undersigned counsel, respond to Plaintiff's Motion for Sanctions pursuant to Rule 11 ("the Motion") and in turn, move for an award of fees pursuant to the parties' settlement agreement or the Court's inherent authority and state:

### Adoption of Arguments Raised in Response to Plaintiff's Motion for Sanctions pursuant to 28 U.S.C. § 1927

Plaintiff's Rule 11 Motion is a word-for-word copy of his Motion for Sanctions pursuant to 28 U.S.C. § 1927 and therefore, a vexatious paper which has multiplied these proceedings. This response adopts Langbein & Langbein, P.A.'s response to the 28 U.S.C. § 1927 motion by reference but also addresses the differing standards for an award of sanctions under Rule 11.

The Standards for Rule 11 Sanctions

A district court may award sanctions under Rule 11 if a pleading,[1] motion or paper presents a frivolous legal argument or is presented for an improper purpose, such as to harass. Tacoronte v. Cohen, 654 Fed. Appx. 445 (11thCir. 2016).  Rule 11 sanctions are properly assessed (1) when a party files a pleading, paper or motion without a reasonable factual basis; (2) when a party files a pleading, paper or motion based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading, paper or motion in bad faith for an improper purpose. Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001).

In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous--in view of the facts or law--and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996).  "A factual claim is defined as frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. Thus, where no evidence or only patently frivolous evidence is offered to support factual contentions, sanctions can be imposed." Lawson v. Sec'y Dep't of Corr., 563 F. App'x 678, 680 (11th Cir. 2014). "When, however, the evidence supporting a claim is reasonable, but only weak or self-serving, sanctions cannot be imposed." In re BankAtlantic Bancorp, Inc. Sec. Litig., 851 F. Supp.

---

[1] Rule 11 is geared towards pleadings but the Eleventh Circuit has extended it to motions and other papers.  Parties cannot be held liable under Rule 11(b)(2).  Tacoronte v. Cohen, 654 Fed. Appx. 445 (11thCir. 2016).

2d 1299, 1308 (S.D. Fla. 2011) aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc., 503 F. App'x 677 (11th Cir. 2012).

While the Motion does not actually state under what basis or bases Plaintiff seeks Rule 11 sanctions (i.e., no reasonable basis in fact ? or in law ? or both ) [2]  Defendants and their counsel assume both premises underlie the Motion.

I.      Was there was a Reasonable Basis in Fact for filing Defendants' Response ?

Plaintiff's claim that there was *no basis in fact* for Defendants' response to the Motion appears to be based on a theory of waiver.   Plaintiff argues that because a provision in the settlement agreement avers both parties participated in drafting the settlement agreement (¶ 20), Defendants effectively waived their right to raise the legality of the penalty provision.   Plaintiff cites no authority for this proposition.

Rather, the facts surrounding the drafting of the settlement agreement lead to the opposite conclusion.   If ¶20 is taken at face value, then both parties participated in drafting the settlement agreement which expressly *reserved* the right to contest the invalidity or unenforceability of a provision in the agreement by including a severability clause in ¶ 15.   Therefore, if the contract was to be interpreted and enforced as urged by Plaintiff, ¶15 would be superfluous.  To accept Plaintiff's theory, ¶ 15 would have had to read, "The parties expressly waive their right to challenge the legality or enforceability of any provision in this Agreement."

The only interpretation which gives full effect to the words in ¶ 15 is that both parties expressly reserved their rights to challenge the validity and enforceability of any

---

[2]   Plaintiff cites standards for sanctions under 28 U.S.C. § 1927 and argues that Defendants' response was vexatiously filed to multiply the proceedings.

provision in the settlement agreement. Somerset Pharmaceuticals v. Kimball, 43 F. Supp. 2nd 1335 (M.D. Fla. 199). Unquestionably, Defendants' response had a basis in fact because of the express reservation of right in ¶ 15.

Likewise, the response had a clear legal foundation for the arguments advanced as shown by the cases cited in it. That the settlement agreement arose from a dispute concerning an FLSA claim does not change the rules of contract construction or interpretation. All settlement agreements are governed by the rules of contract interpretation. Parker v. Citimortgage, 2014 U.S. Dist. LEXIS 104845 (M.D. Fla. 2014), citing Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1290 (11th Cir. 2004). And, it is hornbook contract law that penalties agreed upon by parties will not be enforced to prevent the evil of over-reaching which results in hard bargains. See Contracts, Calamari & Perillo, Chapter 12, Agreed Damages (1970 Ed). [3] Plaintiff's theory, on the other hand, is not supported by a ***single decision*** holding that each and every provision of a court-approved FLSA settlement agreement is sacrosanct and therefore, not subject to challenge using common rules of contract interpretation and construction.

II.    Was there an Improper Purpose in filing the Response ?.

It is not clear if Plaintiff contends that Defendants had no right to file a response to the Motion. Clearly, the Rules of Procedure provide a party's right to respond to a motion. See, L.R. 7.1(a). Therefore, Plaintiff's contention of "improper purpose" is directed to Defendants' challenge to the penalty provision. Defendants already have demonstrated they had a *contractual right* (as well as an equitable right) to contest the validity of that

---

[3]   Defendants did not admit liability in the settlement agreement. The settlement of this case was a "hard bargain" to which they agreed to stem Plaintiff's and their own ballooning attorney's fees and costs.

provision in the settlement agreement.  It is Plaintiff's Motion that has an improper purpose:  to vexatiously multiply the proceedings by repeating the ***same arguments*** first raised in its reply to the Motion to Enforce Settlement and second in its Motion for Sanctions under 28 U.S.C. § 1927.

III.     Defendants' Entitlement to an Award of Attorney's Fees and Costs

The settlement agreement provides for prevailing party attorney's fees in an action to enforce or interpret its terms. This motion is corollary to the Motion to Enforce Settlement Agreement and Final Default Judgment because it grows out of an attack on the response to that motion and a challenge to one of the agreement's provisions.  Thus, should the Court find that the Motion ought to be denied, Defendants move for an award of their fees against Plaintiff and his counsel, jointly and severally, for having to defend against it.

Alternatively, courts have inherent power to levy sanctions against litigants for abuse of the judicial system even if procedural rules exist which sanction the same conduct.  Chambers v. Nasco, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991); Meidinger v. Health Care Oligopoly, 2010 U.S. App. LEXIS 16448 (11th Cir. 2010); Glatter v. Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1546 (11th Cir. 1993). The court's inherent power to sanction attorneys extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." Id. One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both, when either has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Chambers, *supra* at 2133. "The key to unlocking a court's inherent power is a finding of bad faith." Barnes v. Dalton,

158 F.3d 1212, 1214 (11th Cir. 1998); see also Mroz, *supra* at 1575.

The fact that Plaintiff has filed ***two identical*** sanctions motions reeks of vexatious and oppressive conduct.  The prior Motion for Sanctions under 28 U.S.C. § 1927 and this Motion under Rule 11 were wholly unnecessary because if Plaintiff was entitled to the relief sought in the Motion to Enforce Settlement Agreement, he already had a contractual right to fees.  The two sanctions motions were filed to vindictively punish Defendants and their counsel for daring to challenge an oppressive, unenforceable provision in the settlement agreement.  There may be other improper purposes as well.

Plaintiff's lawyers have filed four separate sanctions motions against defense counsel since a sanctions motion was filed against them in the case of Lopez-Osorio v. Art Landscaping Corp., 15-20614-cv-OTAZO-REYES [DE 114].  Motions under 28 U.S.C. § 1928 and Rule 11 were filed by Plaintiff's counsel against defense counsel in Lopez-Osorio immediately followed by similar motions in this case.

The sheer number of companion sanctions motions (four) filed against defense counsel in temporal proximity to Defendants' 28 U.S.C. §1927 in Lopez-Osorio establish that a purpose of the filings was to cause "collateral damage" through increased fees to defense counsel's clients and to force defense counsel's law firm to divert enormous amounts of legal time to respond to duplicative motions which have no basis in law or fact.  Defendants move the Court to consider this Motion and its twin 28 U.S.C. §1927 motion as meeting the standard for an award of attorney's fees as a sanction for bad faith.

WHEREFORE, having responded to the Motion, Defendants respectfully request that the Court deny Rule 11 Sanctions against Defendants and defense counsel, award them prevailing party attorney's fees and costs under the terms of the settlement

agreement or alternatively, levy sanctions against Plaintiff and his counsel, jointly and severally, pursuant to the Court's inherent authority.

THE UNDERSIGNED SIGNATURE CONSTITUTES A VERIFICATION THAT THE STATEMENTS MADE IN THIS REPLY ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Respectfully Submitted

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
(Tel) (305) 556-3663
(Fax) (305) 556-3647
Email: langbeinpa@bellsouth.net

By: Leslie W. Langbein,
      Leslie W. Langbein, Esq.
      Fla. Bar No. 305391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 2/3/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By: /s/ Leslie W. Langbein,
      Leslie W. Langbein, Esq.

## SERVICE LIST

J J. H. Zidell, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorneys for the Plaintiff
.