UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21797-CIV-JEM

JOSE OQUENDO OCASIO and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                    )
                          Plaintiff, )
     vs. )
                                                                    )
FOODS OF SOUTH FLORIDA, INC. d/b/a )
MR. MIKE'S GROCERY STORE, )
CAROLINA KATTOURA, )
MICHAEL KATTOURA, )
                                                                    )
                      Defendants. )
_____ )

**PLAINTIFF'S REPLY TO [DE65]**

    COMES NOW the Plaintiff, through the undersigned, and replies to Defendants' Verified[1] Response to Plaintiffs' Motion for Sanctions Pursuant to Rule 11 and Corresponding Request for an Award of Attorneys' Fees, filed by Defendants as [DE65], and in support thereof states as follows:

    1. The clear distinction between Section 1927 and Rule 11 is that Rule 11 is designed to afford a 21 day safe harbor period to make the appropriate corrections, which is not afforded under Section 1927. Therefore, Plaintiff did not file two separate Motions for Rule 11 and Section 1927 to be vexatious but rather the 21 day safe harbor afforded the Parties the time for further efforts to be made to potentially resolve the issues raised through continued conferral attempts and to provide for Defendants the opportunity to withdraw their vexatious pleading, which they did not.

    2. Defendants' classic red-herring in their Response [DE65] is baseless insinuations that

---

[1] Defendants "Verified" Response is unnotarized yet claims their pleadings are true and correct.

Plaintiff's filing of Sanctions pleadings in the case at bar is related to other matters pending in this District which are completely unrelated and not factually related in any way whatsoever.

3. Defendants have resorted to making it appear that Defense counsel, Ms. Langbein, has been victimized and persecuted at the hands of Plaintiff's counsel's Firm, by citing cases unrelated to the instant matter, to advance her vexatious conduct., such as referring to the matter of *Lopez-Osorio v. Art Landscaping Corp.,* Case No.: 15-20614-CIV-OTAZO-REYES [DE114]. In *Lopez-Osorio* defendants prevailed at trial, after the matter had survived summary judgment, and the Court then allowed the matter to go to the Jury after hearing all the testimony defendants are moving for sanctions regarding, and was decided by the Jury. In that matter, defendants requested judgment as a matter of law during trial, more than once, and the Court was very clear that such was denied. Defendants in said matter filed a motion for sanctions, made vexatious arguments, put unfounded accusations in the pleadings in bad faith seeking unjustified sanctions, vexatiously triggering unnecessary attorney work and wasting significant judicial resources thereby forcing plaintiff in said matter to file a motion for sanctions. The sole purpose of Defendants referencing said unrelated and irrelevant matters pending in this District is for purposes of vexatious personal attacks to discredit the undersigned Firm and to transparently attempt to divert the Court's attention from her conduct in this case.

4. Defense counsel's assertion about what transpired in reaching the Settlement Agreement is further egregious as she was not even counsel of record and/or associated with this case and had absolutely no personal knowledge of how the Settlement Agreement was reached and/or what the negotiations transpired to come to same. Defense argues that the sole reason for reaching the agreement was to stop the alleged hemorrhaging of fees and costs by clinging to the fact that Defendants aver they were not liable.

5. A frivolous sanctions motion is also sanctionable. In *Riccard*, the Eleventh Circuit noted that "they filed the Rule 11 motion anyway, requiring the district court and Prudential to spend time and effort dealing with it. They should have been sanctioned for their bad faith motion, as they were." *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294 (11th Cir. 2002). Plaintiff cites *Riccard*, as it is clear Defendants' pleadings are sanctionable.

6. Defendants have yet to offer black letter law that controls supervised settlement agreements in the FLSA context. Defendants do not have legal basis for their pleading and could have withdrawn their pleading and merely paid the default provision amount, but have refused and decided to allow a pleading to remain in the record that makes unfounded allegations of violations.

7. In this case, Defendants' pleadings violate Rule 11 due to the frivolous content of the pleading, s*ee, Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), and is also vexatious under Section 1927 for the reasons set forth above. Plaintiff had made reasonable efforts to persuade defense counsel not file her frivolous and vexatious pleadings. Moreover, Defense counsel and Defendants have refused to withdraw their pleadings even after further conferral efforts were made in relation to Rule 11's safe harbor period.

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THIS COURT TO IMPOSE SANCTIONS UNDER RULE 11 AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL, JOINTLY AND SEVERALLY, AND ALLOW PLAINTIFF (20) DAYS FROM THE COURT'S ORDER TO FILE A MOTION DOCUMENTING THE AMOUNT OF FEES AND COSTS SOUGHT RELEVANT TO DEFENDANTS' AND THEIR COUNSEL'S SANCTIONABLE CONDUCT.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR DEFENDANTS
300-71ST STREET
SUITE 605
MIAMI BEACH, FL 33141
305-865-6766
305-865-7167

_ s/ Rivkah Jaff __
Rivkah Jaff, Esquire
Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 2/7/17 TO:

**LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**