UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.15-21797-cv-MARTINEZ/GOODMAN

JOSE OQUENDO OCASIO,

 Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC.,    On Referral
CAROLINA KATTOURA and
MICHAEL KATTOURA,

 Defendants.
_____/

## DEFENDANTS' VERIFIED RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR SANCTIONS

Defendants, FOODS OF SOUTH FLORIDA, INC., CAROLINA KATTOURA and MICHAEL KATTOURA, (together "Defendants") and their undersigned counsel, respond to Plaintiff's Supplemental Motion for Sanctions ("the Motion") and in turn, move for an award of fees pursuant to the parties' settlement agreement or the Court's inherent authority and state:

### The Motion's Unprofessional Tone

The Supplemental Motion is the 7th [1] sanctions motion Plaintiff's Counsel has filed against defense counsel in as many months. Now, in addition to such previous descriptions of defense counsel as "highly contentious", "petty", "misleading" the Court,"

---

[1] Plaintiff's Counsel filed two Motion for Sanctions against defense counsel in Lopez-Osorio v. Art Landscaping, Inc. Case No. 15-20614-cv-OTAZO REYES; two previous Motions for Sanctions in this case; one in Reyes v. Collins & 74th Street, Inc., USDC 16-24362; one in Arellano v. L.O. Florists, Inc., 17-20185-cv-MARTINEZ; and now this third Motion.

"gipping" [sic] court reporters, this Motion adds a new category, having a "penchant for frivolous opposition."

Defense counsel's challenge to the invalid penalty provision in Defendants' settlement agreement is well supported by the analyses in <u>Aire Caladonie Int'l v. AAR Parts Trading, Inc.</u>, 2003 U.S. Dist. LEXIS 15907 (S.D. Fla. 2003) [Judge Altonaga] and <u>Lefemine v. Baron</u>, 573 So.2d 326, 328 (Fla. 1991).   That the penalty provision in this settlement agreement is invalid is patently clear: Plaintiff's damages for late payment can be readily ascertainable by applying the current interest rate to any remaining balance due from the settlement agreement. 2 And, the penalty stated in the settlement agreement bears no reasonable relationship to Plaintiff's actual damages.  3

There is no policy or societal reason to treat an FLSA settlement differently than any other agreement settling a contractual or statutory dispute.  The FLSA already contains a statutory scheme of penalties including liquidated damages and civil fines and penalties for its violation.  Plaintiff's settlement agreement includes an award of liquidated damages so he already has received the only sanctioned "penalty" provided to a private litigant.  Had Congress deemed this private remedy insufficient, it could have authorized courts to levy additional enforcement penalties for breach of settlement agreements *but it did not*.

---

2    Plaintiff's Supplemental Motion does not recite what amounts he claims are outstanding under the settlement agreement.    Plaintiff's Counsel have never provided Defendants or their counsel *the exact amount* they previously claimed or now claim is owed or how it was calculated.   The only notice Defendants have ever received is that motions for sanctions would be filed.
3    The Motion is unverified.  It lacks any documents or facts to support its broad claim that Defendants "have completely failed to pay multiple installments."

<u>Remedies Available to Plaintiff</u>

While Plaintiff wishes to lay the blame for not seeking a default judgment at the "feet" of defense counsel, his "hands" have not been tied. Plaintiff's Counsel could have submitted *verified* proof of the missing installment payments,[4] and documentation to prove its reasonable attorney's fees and costs to obtain a judgment which could be amended, if necessary, once the penalty issue was resolved. Alternatively, Plaintiff's Counsel could simply have waived the penalty in favor of accrued interest on the balance to hasten the recording a final judgment. Indeed, the time and effort it took to file three Motions for Sanctions would have been better spent towards either of this ends.

One further note: Defendants' response to the original Motion opposed only the imposition of the penalty provision. The response also asked the Court to consider whether entry of a default judgment was appropriate when at that time only the $500.00 penalty had not been paid and the next installment was not yet due. Plaintiff filed his reply opposing the response. Therefore, the Motion for Enforcement was fully briefed and ready for disposition when Plaintiff's Counsel complicated the matter and delayed its resolution by filing its twin Motions for Sanctions. This third Motion for Sanctions only further adds delay.

To the extent that Defendants and their counsel must re-argue the merits of the Supplemental Motion for Sanctions, they incorporate by reference their prior responses to the original motions.

THE UNDERSIGNED SIGNATURE CONSTITUTES A VERIFICATION THAT THE STATEMENTS MADE IN THIS REPLY ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

---

[4] On information and belief, Defendants already have paid over $41,000.00 of the $45,000.00 settlement. Defense counsel has no control over her clients' finances.

Respectfully Submitted

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
(Tel) (305) 556-3663
(Fax) (305) 556-3647
Email: langbeinpa@bellsouth.net

By: Leslie W. Langbein,
    Leslie W. Langbein, Esq.
    Fla. Bar No. 305391

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 7/24/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By: /s/ Leslie W. Langbein,
    Leslie W. Langbein, Esq.

SERVICE LIST

J J. H. Zidell, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorneys for the Plaintiff
.