**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 15-21797-CIV-MARTINEZ/GOODMAN**

JOSE OQUENDO OCASIO.

      Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC., et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON**
**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

      Plaintiff Jose Oquendo Ocasio moves to enforce a settlement agreement between him and Defendants Foods of South Florida, Inc.; Carolina Kattoura; and Michael Kattoura. [ECF No. 81]. United States District Judge Jose E. Martinez referred the motion to the Undersigned for a Report and Recommendations. [ECF No. 83].

      This is Plaintiff's renewed motion to enforce settlement -- he originally moved to enforce the party's settlement on December 12, 2016. [ECF No. 45]. Defendants filed an opposition response to the original motion to enforce settlement, and Plaintiff filed a reply. [ECF Nos. 52–53]. Defendants, however, did not file an opposition response to the renewed motion to enforce settlement, and the time to do so has long passed.

      For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in large part and deny in small part** the motion to enforce

settlement, enter a **default judgment** against Defendants in the amount of $19,000 (to bear interest at the statutory rate from the date of the default judgment, but only as to the amount of $18,500, a nuance that will be explained later), and **reserve jurisdiction** on awarding attorney's fees until Plaintiff files a motion for reasonable attorneys' fees and costs.

## I.      Background

On March 10, 2016, Judge Martinez approved as fair and reasonable the parties' settlement of their Fair Labor Standards Act dispute. [ECF No. 44]. Under the agreement, Defendants had to pay Plaintiff a total settlement sum of $45,000 in 13 separate installments. [ECF No. 43-1, p. 2]. The installments were due on the 10th of every month, beginning on March 10, 2016 and ending on March 10, 2017. [ECF No. 43-1, pp. 2–3].[1]

Paragraph three of the settlement agreement is a "Payment Default" provision, which says that if Defendants failed to make an installment payment, or any checks they sent were returned due to insufficient funds, then Plaintiff's counsel was required

---

[1]     The settlement agreement contains two apparent errors: the "Twelfth Installment" is said to be due on "February 10, *2015*," and the "Thirteenth Installment" is said to be due on "March 10, *2016*." [ECF No. 43-1, p. 3]. Based on the agreement as a whole, the parties' submissions, and their course of conduct, it is obvious that these are scrivener errors, with the parties meaning "2017" in both instances. Defendants have never raised those discrepancies as reasons why the agreement is unenforceable. And as will be explained later, Defendants have conceded that they missed the last two settlement installment payments. Accordingly, these errors do not affect the Undersigned's recommendations.

to send a written notice of default to Defendants' counsel via email. [ECF No. 43-1, p. 4]. Thereafter, "[i]n the event that Defendants, jointly and severally, cure said breach within four (4) business days of receiving written notification, Defendants, jointly and severally, shall pay an additional [$500.00] to the cured amount." [ECF No. 43-1, p. 4]. Conversely, should "Defendants, jointly and severally, fail to cure said breach within four (4) business days of receiving the written notification, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of [$60,000.00], less any payments made." [ECF No. 43-1, p. 4].

The Payment Default provision contains an attorney's fee clause, stating that "[i]n the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection." [ECF No. 43-1, p. 4]. The settlement agreement also has a separate prevailing party provision, stating that "[i]n the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs." [ECF No. 43-1, p. 6].

Defendants paid the first 8 installments (March 10, 2016 to October 10, 2016), which totaled $35,000. On December 12, 2016, Plaintiff filed a motion to enforce the settlement because Defendants' check for the November 10, 2016 installment payment was returned for insufficient funds. [ECF No. 45, p. 2]. On December 4, 2016, Plaintiff's counsel emailed Defendants' predecessor counsel, informing them of the default and quoting the default language under the settlement agreement -- which grants a four-day

3

window to cure a default. [ECF No. 45-1].

Four days later, on December 8, 2016, Defendants provided a check to Plaintiff's counsel for $2,000, which was the amount of the installment. [ECF No. 45, p. 2]. Defendants, however, did not also tender the additional $500 fee set forth in the default provision. [ECF No. 45, p. 2]. Based on that omission, Plaintiff moved to enforce the settlement agreement, requesting a default judgment of $25,000.00 (the $60,000 default amount less the $35,000 already paid). [ECF No. 45, p. 3].

On December 13, 2016, Plaintiff filed a notice stating that, on December 12, 2016, one of the Defendants "tendered payment of the outstanding amount to cure the breach to the November 10, 2016 installment in the amount of [$500.00]." [ECF No. 47, p. 1]. Plaintiff, however, maintained that he was not withdrawing his pending motion to enforce settlement because the $500 payment was made after the four-day cure window had expired, and was therefore untimely. [ECF No. 47, pp. 1–2].

The notice also stated that although Defendants had delivered a check on December 9, 2016 to pay for the December 10, 2016 installment, the check was improper because it was post-dated for December 16, 2016. [ECF No. 47, p. 2, n. 3]. As a result, Plaintiff's counsel had sent another default notice by email on December 12, 2016. [ECF No. 47, p. 2, n. 3].

Two days later, Defendants' predecessor counsel, Paul F. Penichet of Penichet Law, moved to withdraw. [ECF No. 48]. The Undersigned granted that motion. [ECF

4

No. 50]. Shortly after, Leslie W. Langbein of Langbein & Langbein, P.A. filed a notice of appearance for Defendants. [ECF No. 51].

Through their new counsel, Defendants filed an opposition response to the motion to enforce settlement. [ECF No. 52]. Defendants did not dispute the basic facts underlying the bounced check and the timing of payments. Defendants admitted that (1) the check for the November 2016 installment payment did not clear the bank; (2) that a replacement check was delivered on December 8, 2016; and (3) that the $500 fee was not delivered until December 13, 2016. [ECF No. 52, pp. 1–2]. But Defendants argued that a default judgment was nonetheless unwarranted because (1) the $500 was an unenforceable penalty, (2) Plaintiff needed to give Defendants a second written notice to cure the missing $500 fee, (3) the motion to enforce was unnecessary given that the $500 was a small amount compared to the overall settlement, and (4) the circumstances did not warrant forfeiture. [ECF No. 52, pp. 2–5].

Defendants also said that they paid the December 2016 installment on December 9, 2016, consistent with Plaintiff's post-motion notice. Defendants, however, did not mention that the check was **post-dated** to December 16, 2016, a fact highlighted in the notice. [ECF Nos. 47, p. 2, n. 3; 52, pp. 1–2]. In his reply, Plaintiff reiterated that the check for the December 10, 2016 installment was post-dated to December 16, 2016, and argued that the post-dating made the payment untimely. [ECF No. 53, p. 4].

Plaintiff then filed a series of notices over several months, detailing Defendants'

5

payment and nonpayment of future installments. First, on January 11, 2017, Plaintiff filed a notice stating that Defendants had timely tendered a check for the January 10, 2017 installment payment. [ECF No. 60].

Second, on February 20, 2017, Plaintiff filed a notice saying that Defendants had failed to make the February 10, 2017 installment payment. [ECF No. 67]. Plaintiff's counsel emailed a default notice to Defendants' predecessor counsel and current counsel on February 15, 2017. [ECF No. 67, p. 1; 67-1]. On February 17, 2017, defense counsel sent a response email saying that Defendants would deliver a $1,000 check on February 22, 2017, and the remainder on February 24, 2017. [ECF No. 67, p. 2]. But as of the date of the filing -- made four days after the default notice was sent -- no payment had been made. [ECF No. 67, p. 2].

Third, on February 27, 2017, Plaintiff filed a notice stating that Defendants had made no payments towards the outstanding February 10, 2017 installment. [ECF No. 68].

Fourth, on March 27, 2017, Plaintiff filed a notice saying that Defendants had failed to make the March 10, 2017 installment payment. [ECF No. 69]. The notice attached the email notice-of-default from Plaintiff's counsel to Defendants' predecessor counsel and current counsel, dated March 27, 2017. [ECF No. 69-1].

On August 7, 2017, the Undersigned held a telephonic status conference to address the motion to enforce settlement, the various notices, and several pending

6

motions for sanctions. [ECF No. 78]. In a post-hearing administrative order, the Undersigned instructed Defendants to "file evidence of all settlement payments made to Plaintiff, including copies of all canceled checks, and any information concerning any type of payment made under the settlement agreement, whether negotiated or not." [ECF No. 79, p. 1]. Plaintiff was then instructed to withdraw his motion to enforce settlement and file a new omnibus motion that encompassed the updated information. [ECF No. 79, p. 1].

Plaintiff filed the required revised motion, but Defendants did not file the required evidence. Instead, on August 10, 2017, they filed a response stating that "they only owe $3000.00 towards the settlement sum because they delivered a money order in the amount of $1000.00 to Plaintiff's counsel as a partial payment of the February installment." [ECF No. 80, p. 1]. Defendants claimed that, on August 4, 2017, the Miami-Dade Sherriff's Office had levied a writ of execution on Defendants' store, seizing "its cash on hand, inventory, equipment, fixtures, business records, files and computers[.]" [ECF No. 80, p. 1]. As a result, Defendants said that they were unable to prove that they delivered a money order and would therefore "concede to entry of a judgment against them in the amount of $4000.00." [ECF No. 80, p. 2].

Plaintiff moved to strike Defendants' response on the grounds that it is an improperly disguised motion. [ECF No. 85, p. 2]. Defendants opposed the motion to strike, arguing that compliance with the Undersigned's Order was unnecessary given

7

that they have already conceded to a $4,000 default judgment. [ECF No. 86].[2]

On August 21, 2017, Plaintiff filed his renewed motion to enforce settlement. [ECF No. 81]. Plaintiff seeks a default judgment of $19,000, exclusive of attorney's fees and costs. [ECF No. 81, p. 15]. Defendants filed no opposition response, and the time to do so has expired.

## II.   Analysis

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). Under Florida law, "settlements are highly favored and will be enforced whenever possible." *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1318 (11th Cir. 2014) (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)). And as with any contract, the Undersigned must enforce the plain meaning of the settlement agreement's unambiguous provisions. *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x. 389, 393 (11th Cir. 2009).

Defendants have conceded that they failed to make the last two installment payments under the settlement agreement. Defendants admitted that they "owe $3000.00 towards the settlement sum," and their only point of contention is that "they delivered a money order in the amount of $1000.00 to Plaintiff's counsel as a partial

---

[2]   Because the Undersigned relies on Defendants' concession in this Report, and given the recommendation that the District Court enforce the parties' settlement agreement, the Undersigned will be **denying** the motion to strike the response in a separate order.

payment of the February installment." [ECF No. 80, p. 1]. But even if that is true, it nonetheless still means that Defendants never paid the February 2017 installment or the March 2017 installment. As a result, the plain text of the settlement agreement requires that the Court enter a final default judgment against Defendants, jointly and severally, in the total amount of $60,000, less any payments made. [ECF No. 43-1, p. 4].

Making matters worse for them, Defendants concede that they cannot prove that they paid $1,000 towards the February 2017 installment and would therefore consent to a judgment of $4,000. [ECF No. 80, p. 2]. So not only do Defendants admit that they have defaulted, but they effectively admit that the Undersigned need not take into consideration the unprovable $1,000 money order when calculating the default judgment amount. In other words, in calculating the "payments made" under the settlement agreement, the $1,000 money order supposedly paid in February 2017 will not be credited to Defendants.

In addition, Defendants have no basis to concede to a default judgment of only $4,000, as opposed to a default judgment of $60,000 less any payments made. In their response to the Undersigned's post-hearing administrative order, Defendants characterize the extra $15,000 Plaintiff seeks as a "penalty." [ECF No. 80, p. 2]. But beyond that, they offer no legal argument against it. Defendants also failed to file an opposition response to the renewed motion to enforce settlement, and their opposition response to the original motion never argued that the settlement agreement's default

9

judgment calculation ($60,000 less any payments) is itself unenforceable.

Moreover, as Plaintiff pointed out, at least one court in this District enforced a virtually identical default provision and under similar facts. In *Llanes et al v. Webeco Foods, Inc. et al*, No. 14-cv-23320-JAL (which also involved Plaintiff's counsel), United States District Court Judge Joan A. Lenard approved the parties' FLSA settlement agreement, which required the defendants to pay a total sum of $45,000 in 24 monthly installments. The Settlement Agreement had a default provision saying:

> Should Defendants . . . fail to make a payment of the Settlement Funds as described above, . . . Plaintiff's counsel shall give written notice via e-mail to Defense Counsel . . . . In the event that Defendants . . . cure the breach within seven (7) days of receiving the written notification, Defendants . . . shall pay the outstanding breached amount and an additional . . . $1,500.00 . . . . In the event that Defendants . . . fail to cure said breach within seven (7) days of receiving written notification, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount **of . . . $60,000[,] less any payments made**. In the event of a breach, Plaintiff shall be entitled to any fees and costs incurred for reasonable attorneys' fees and costs for collection.

[*Llanes*, No. 14-cv-23320-JAL, ECF No. 33, p. 2 (emphasis added)].

The defendants in *Llanes* paid only a portion of one of the installment payments. The plaintiff's counsel sent a default notice via email, and the defendants paid the rest of the installment *after* the cure period expired. The defendants claimed that they delivered two checks for the full amount on the due date, and they filed a declaration to that effect. But defendants could not provide a check stub or other corroborating evidence. As a result, Judge Lenard entered a default judgment against the defendants,

based on the settlement agreement's default calculation.

The facts in this case are even more compelling. Unlike in *Llanes*, where the defaulting party could not prove that it made timely payments, Defendants in this case freely *admit* that they did not pay the last two settlement installments. So if the same default provision was properly invoked under the facts in *Llanes*, then it is certainly proper under the facts in this case.

Furthermore, although the parties previously raised arguments regarding the propriety of the $500 fee under the Default Provision, that fee is no longer relevant to the Undersigned's ruling. When Plaintiff first moved to enforce the settlement agreement, the $500 fee was a live issue because the only arguable default at that time was that Defendants had tendered the $500 fee (to cure the untimely November 2016 installment payment) beyond the four-day cure period. But that is not the case at this point given Defendants' concessions that they have missed other entire payments. Consequently, whether the $500 fee is an unenforceable penalty, whether Defendants had to send a separate notice directly addressing the $500 fee, and whether the $500 fee had to be made within the four-day cure period are all nonissues now.

The last issue is the actual amount of the default judgment. Plaintiff seeks a default judgment of $19,000, calculated by subtracting from $60,000 the first 8 installment payments ($35,000), the November 2016 payment ($2,000), the December 2016 payment ($2,000), and the January 2017 payment ($2,000). Plaintiff, however, does

not factor into his calculation the $500 check he received on December 12, 2016. In the renewed motion, Plaintiff states that he "has not yet deposited and/or cashed the tendered payment because it was untimely and said 'to cure default' in the memo section." [ECF No. 81, p. 3, n. 3]. But Plaintiff had no qualms with cashing the post-dated installment payment check for December 2016, so his explanation is inconsistent and unpersuasive. The calculation is based on "less any payments made," not "less any payments made provided they are timely."

This issue is relevant for the calculation of interest. It is unfair for Defendants to pay extra interest on $500 when Plaintiff could have cashed that check long ago and sought a default judgment of $18,500. But the Undersigned is also hesitant to assume that this check, now more than a year old, is still valid.

Accordingly, while the Undersigned is recommending that the District Court enter a default judgment of $19,000, the Undersigned is also recommending that interest on that judgment accrue on $18,500 only. If the $500 check is still valid, then Plaintiffs may apply it towards the $19,000 award.

## III.    Conclusion

The Undersigned **respectfully recommends** that the District Court **grant in large part and deny in small part** the motion to enforce settlement, enter a **default judgment** against Defendants in the amount of $19,000 (to bear interest at the statutory rate from the date of the default judgment, but only as to the amount of $18,500), and **reserve**

**jurisdiction** on awarding attorney's fees until Plaintiff files a motion for reasonable attorneys' fees and costs.

## IV.     Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 31, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record