UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.15-21797-cv-MARTINEZ/GOODMAN

JOSE OQUENDO OCASIO,

    Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC.,
and MICHAEL KATTOURA,

    Defendants.
_____/

### APPEAL OF THE MAGISTRATE'S REPORT AND RECOMMENDATION

Defendants, FOODS OF SOUTH FLORIDA, INC. and MICHAEL KATTOURA, (together "Defendants") through undersigned counsel, and pursuant to Rule 4(a) of the Court's Magistrate Judge Rules, appeal the Magistrate's Report and Recommendation [DE 87] and in support of the appeal state:

#### Background to Motion

Plaintiff claimed--- **_but never proved_**-- that he was owed $69,996.64 in unpaid minimum wages and overtime pay. [DE 8]. Defendants denied Plaintiff's claims [DE 32], thus the sum allegedly owed by Defendants to Plaintiff was unliquidated when settlement of $45,000.00 was achieved on 3/1/16. On the date the settlement agreement ("SA") was signed, any damages for breach of the SA were readily ascertainable. It only took a simple calculation of the difference between $45,000.00 and what Defendants paid towards that amount plus interest at the federal rate provided by law.

Defendants' November, 2016 payment was returned by the bank. He replaced the check in early December, 2016 and also made his December, 2016 installment payment.

Plaintiff accepted the late installment payment for November, 2016 but moved to enforce a $500.00 late fee for late payment provided for in ¶ 3 of the SA. Defendants opposed the motion on the basis that the $500.00 late fee was an unenforceable penalty. Plaintiff then filed three motions for sanctions against Defendants and their counsel for making a "frivolous" argument. Defendants paid the January, 2017 installment, paid a portion of the February installment [1] and then failed to make the final payment due in March, 2017. Defendants had paid 94% of the settlement sum, leaving a balance of $3000.00.

On 8/7/17, the Magistrate Judge held a hearing on Plaintiff's several motions for enforcement of the SA and for sanctions against Defendants and their counsel. On 8/4/17, all the contents of Defendants' business, including its records, were seized through a garnishment. Defendants could not comply with the Magistrate Judge's order [DE 79] to produce a receipt for $1000.00 they paid to Plaintiff via a money order. Accordingly, Defendants conceded to entry of a judgment for $4000.00. [2] Plaintiff re-filed its motion for enforcement and for attorney's fees on 8/21/17. [3] It was referred to the Magistrate

---

[1] On 2/20/17, Plaintiff filed a Notice of Further Breach. [DE 67] and another seven days later [DE 69].

[2] No ruling had been issued at that time on whether the $500.00 paid by Defendants was a penalty or liquidated damages.

[3] Plaintiff's counsel also represented the plaintiff in *Martinez v. Eddy Coto Produce, Inc.*, 14-24054-cv-JAL. In *Martinez*, Plaintiff's counsel moved to enforce a $10,000.00 penalty for breach of the settlement agreement. The Magistrate Judge in *Martinez* (also the Magistrate Judge here) recommended to Judge Lenard that she deny enforcement of the $10,000.00 penalty because it was an invalid penalty under Florida law. See *Martinez v. Eddy Coto Produce, Inc.*, 2017 U.S. Dist. LEXIS120786 (S.D. Fla. 2017). Judge Lenard fully accepted the Magistrate Judge's recommendation in an order issued on 8/24/17. See, [DE 124] in Case No. 14-24054-cv-JAL. Plaintiff's counsel obviously received a copy of the order as counsel of record. Nevertheless, it failed to withdraw its re-filed Motion for Enforcement filed just three days earlier on 8/21/17, [DE 81] apparently hoping this Court would rule differently than Judge Lenard on the penalty provisions found in paragraph 3 of the SA.

Judge for consideration. No testimony or evidence was offered by Plaintiff in support of its motion concerning the intent of either the $500 late fee or $15,000.00 escalation amount in the SA. The Magistrate Judge's report correctly found that $4000.00 remained to be paid on the principal settlement sum of $45,000.00.

However, the Magistrate Judge then recommended that the Court enter a judgment against Defendants in the amount of $18,500.00, which was calculated as the conceded $4000.00 plus an escalated penalty of $15,000.00 less the sum of $500.00 which Defendants paid but Plaintiff refused to accept. Respectfully, the Magistrate's recommendation that the final judgment include the $15,000.00 as a penalty must be rejected as it is clearly erroneous and contrary to Florida law (as adopted by the Southern District and Eleventh Circuit) and in conflict with his prior report and recommendation to Judge Lenard in the *Martinez* case.

### Memorandum of Law

A district court may reconsider a magistrate judge's ruling on a non-dispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2006); Rule 4 of the Local Magistrate Judge Rules. A district court's review of specified proposed findings or recommendations to which objection is a *de novo* review *Id.* Therefore, the fact that a party has not responded to a motion is not dispositive of whether a magistrate judge's recommendation is a clear error or fails to comport with existing law. [4] Indeed, the district court is required to review

---

[4] Local Rule 7.1(c) provides that a party's failure to respond to a motion *may be deemed* sufficient cause to grant it. However, a court may not grant relief that is invalid just because the opposing party prays for that relief but a response to the motion was not filed.

a magistrate judge's recommendation for clear error, even if no objections or appeal are taken.

State contract law governs the enforcement of contracts. *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000).  See also *Lefemine v. Baron,* 573 So. 2d 326 (Fla. 1991) cited in *Aire Caladonie Int'l v. AAR Parts Trading, Inc.*, 2003 U.S. Dist. LEXIS 15907 (S.D. Fla. 2003).  Settlement agreements are simply a form of contract and are to be interpreted by the same principles governing contracts.

Florida law permits contracting parties to stipulate in advance to the amount that is to be paid or retained as liquidated damages in the event of a breach of contract when actual damages ***otherwise would be unascertainable***. *Lefemine v. Baron*, *supra*.; *Goldblatt v. C.P. Motion, Inc.*, 77 So. 3d 798, 800 (Fla. 3d DCA 2011).  Florida law also recognizes the converse of this principal:  a liquidated damages provision will not be enforced when the damages flowing from a breach of contract are readily ascertainable, *Martinez v. Eddy Coto Produce*, USDC Case No. 14-24054-cv-JAL [DE 124]; *Aire Caladonie Int'l v. AAR Parts Trading, Inc.*, 2003 U.S. Dist. LEXIS 15907 (S.D. Fla. 2003); *Lefemine v. Baron*, *supra*, *Goldblatt v. C.P. Motion, Inc., supra.*  Punitive are never available for breaches of contract. *MCA TV Ltd. v. Public Interest Corp.*, 171 F. 3d 1265 (11th Cir. 1999).

In *Mazzini Trading LLC v. Quality Yachts C.A.*, 2013 U.S. Dist. LEXIS 75217 (S.D. Fla. 2013), the magistrate judge's recommendation relied on and cited *Goldblatt*, *supra*, which explained,

> "When the actual damages contemplated by the parties upon breach are susceptible of ascertainment by some known rule or pecuniary standard and the stipulated sum is disproportionate thereto, it will be regarded as a penalty. Such being the case, the corollary of the rule should be true, that

> is, that when the actual damages cannot be susceptible of ascertainment by some known rule or pecuniary standard under reasonable circumstances, the stipulated amount should be regarded as liquidated damages, and the parties should be bound by their covenants and the contract so made. The prime factor in determining whether such sum is a penalty or a forfeiture is whether the sum named is just compensation for damages resulting from the breach.

*Goldblatt*, supra, 77 So. 3d at 801.   See also, *Everbank v, Fifth Third Bank,* 2012 U.S. Dist. LEXIS 112263, (M.D. Fla.) citing *T.A.S. Heavy Equipment, Inc. v. Delint, Inc.,* 532 So. 2d 23, 25 (Fla. 4th DCA 1988*).*  "Where there is doubt as to whether a provision is a penalty or a proper liquidated damages clause, 'the tendency of the courts is to construe a provision for payment of an arbitrary sum a penalty rather than one for liquidated damages." *Goldblatt*, 77 So. 2d at 801.  Whether an agreed sum agreed to be paid upon breach is penalty or a liquidated damages is a question of law for the court.  *Id*.

The hallmarks of an unenforceable penalty provision are that the amount designated in the contract to be added  1) is disproportionate to the damages which could have been anticipated from breach of the contract, and 2) the provision was included to enforce performance of the main purpose of the contract by the compulsion of this very disproportion. It is held in terrorem over the promisor to deter him from breaking his promise. *Crosby Forrest Products v. Byers*, 623 So. 2d 565 (Fla. 5th DCA 1993); *Hutchison v. Tompkins,* 259 So. 2d 129 (Fla. 1972).   See also *Lefemine*, supra, at 328 (cited by the Magistrate Judge in his report and recommendation in *Martinez* to find that the $10,000.00 penalty at issue in that case was unenforceable, see p. 39 of [DE 121]) and  Goldblatt, *supra,*  ["The liquidated damages clause awarded the non-breaching party $250,000 per breach, regardless of what the actual harm was. This resembles a penalty or deterrent to the breaching party.  Use of liquidated damages clauses to this end is

never allowed,"]. citing *Secrist v. Nat'l Serv. Indus., Inc.*, 395 So. 2d 1280 (Fla. 2d DCA 1981)

.    Besides principles of contract law, there also is a strong policy reason for invalidating a penalty provision in a FLSA settlement agreement. Congress provided a statutory scheme of penalties in the FLSA *which are limited* to liquidated damages, and civil fines and penalties (imposed by DOL) for its violation. Plaintiff's settlement already included liquidated damages. See ¶ 2 of SA. Therefore, he already received the only sanctioned "penalty" provided by Congress. Had Congress deemed these statutory remedies insufficient to provide relief under the FLSA, it could have authorized courts to levy additional penalties in connection with enforcement of settlement agreements *but it did not*. There simply is nothing in the FLSA, DOL regulations or decisional law that authorizes inclusion of a private penalty in an FLSA settlement agreement.

Respectfully, here the Magistrate Judge did not consider or apply either Florida law, cases from this District and this Circuit applying Florida law, (including his prior report and recommendation *Martinez*, and Judge Lenard's order accepting his report and recommendation in *Martinez),* or applicable principles of contract interpretation in determining whether the $500 late fee [5] and the $15,000.00 escalated amount contained in ¶ 3 of the SA constituted unenforceable penalties. Clearly they are.

First, the amount of damages for Defendants' potential breach of the SA was

---

[5]    The Report and Recommendation sidestepped a definitive ruling on whether the $500.00 late fee tendered by Defendants should be treated as a payment towards the $45,000.00 settlement sum (although that finding is implied) or a penalty. To the extent the Court considers this issue, Defendants adopt the argument in their previous response to Plaintiff's first Motion for Enforcement that the $500.00 late fee also is a penalty which bears no relation to Plaintiff's actual damages for late payment.

readily ascertainable at the time it was negotiated. Damages were the settlement amount --$45,000.00-- less any sums paid by Defendants plus interest at the federal rates in effect from the time of the breach until cure or entry of a final judgment. [6] The federal interest rate as of 1/3/17 was .89% and 1.84% as of 2/8/18.   Even taking the mean of these two (1.39%), the amount of interest due on $4000.00 between 2/1/17 and 2/14/18 **_equals $577.33_**.[7] The escalation sum of $15,000.00 is grossly disproportionate to Plaintiff's actual damages which would be the amount of interest he accrued on the unpaid balance then owed.  Even adding in the unpaid $4000.00, Plaintiff's total damages for breach of the SA is $4577.33, _not even one third_ of the $15,000.00 escalation amount.  Second, just like the $500.00 late fee, the intent of the $15,000.00 escalation amount was to deter Defendants from breaching the SA, clearly an _in terrorem_ purpose.  [8]

The $15,000.00 escalation amount does not meet the legal criteria to be considered liquidated damages, is invalid and unenforceable and therefore, should not have been recommended for inclusion in a final judgment.  For these reasons, the Magistrate Judge's recommendation was clear error and contrary to law.[9]   He should have found the provision for a penalty of $15,000.00 (and $500.00 late fee) unenforceable and severed them from the SA pursuant to ¶15.

---

[6]     There is no language in the agreement that states that damages would be difficult to estimate.
[7]     The daily rate of interest based on $4000.00 at .139% is $1.52.
[8]     There is also a third reason here:  the SA does not state who gets the $15,000.00 or if it is to be divided, how it is divided.   For that reason, it violates _Lynn's Foods_.
[9]     The Magistrate Judge relies on Judge Lenard's order in _Llanes v. Webeco Foods_, USDC Case No. 14-23320 [DE 33] entered on 10/5/15 as support for his recommendation.   However, that order was superseded by Judge Lenard's later opinion in the _Martinez_ case accepting the Magistrate Judge's recommendation and finding that a $10,000.00 penalty provision in a settlement agreement was unenforceable.

WHEREFORE, for the reasons expressed herein and based on the case law cited, Defendants respectfully request that the Court ***reject*** the Magistrate Judge's recommendation that the $15,000.00 escalation amount be enforced and included in a final judgment.  Rather, the Court should enter a final judgment for $3500.00 accepting the Magistrate's recommendation that the $500.00 paid by Defendants be applied to reduce the $4000.00 owed.

    Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647
Email: langbeinpa@bellsouth.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 2/14/18 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission

By:   /s/  Leslie W. Langbein
    Leslie W. Langbein, Esq.
    Fla Bar No. 305391

### SERVICE LIST

J. H. Zidell, Esq.
Rivkah Jaff, Esq..
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiff
Email: zabogado@aol.com