UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21797-CIV-JEM/JG

| | |
|---|---|
| JOSE OQUENDO OCASIO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| FOODS OF SOUTH FLORIDA, INC. d/b/a MR. MIKE'S GROCERY STORE, CAROLINA KATTOURA, MICHAEL KATTOURA, | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' APPEAL OF THE MAGISTRATE'S REPORT AND RECOMMENDATION [DE89]**

COMES NOW the Plaintiff, by and through the undersigned counsel, and hereby Responds in Opposition to Defendants' Appeal of the Magistrate's Report and Recommendation, filed by Defendants as [DE89], and in support thereof states as follows:

1. Plaintiff incorporates by reference as if it were incorporated herein, any and all arguments set forth in Plaintiff's Renewed Motion to Enforce Settlement [DE81], and all related filings.

2. Defendants did not file an opposition response to Plaintiff's Renewed Motion to Enforce Settlement [DE81], timely or otherwise. *See,* Local Rule 7.1(c). Defendants' Response in Opposition to Plaintiff's original Motion to Enforce Settlement never argued that the default provision itself was unenforceable. Defendants, for the first time, in excess of 61 weeks since Plaintiff's filing of his original Motion [DE45], in their Appeal of the Magistrate's Report and

Recommendation [DE89], argue the unenforceability of the default provision and Plaintiff addresses same *supra*.[1]

3. Further, in violation of the Court's post-administrative Order [DE79, P.1], Defendants did not "file evidence of all settlement payments made to Plaintiff, including copies of all cancelled checks, and any information concerning any type of payment made under the settlement agreement, whether negotiated or not."

4. Defendants failed to move for an enlargement of time and, as per [DE80], failed to articulate a basis for failing to obtain copies of all cancelled checks from their bank statements or otherwise. As such, Defendants have failed to comply with the Court's Order [DE79] and have failed to provide the Court with the required evidence of all settlement payments.

5. It is undisputed by Defendants the basic facts underlying the bounced check and the timing of payments. Defendants have conceded that the check for November 2016 installment payment was returned for insufficient funds, that a replacement check was delivered on December 8, 2016, and that the $500 fee was not delivered until December 13, 2016, and that they missed the last two settlement installment payments under the Settlement Agreement.[2]

---

[1] Portions of the Report that are not properly objected to will be evaluated by the district court judge under a clearly erroneous standard of review. *See, Macort v. Prem, Inc., 208 F. App'x* 781, 784 (11th Cir. 2006); *Cuevas on Behalf of Juarbe v. Callahan*, 11 F. Supp. 2d 1340, 1342 (M.D. Fla. 1998). The Report and Recommendation [DE87] "reserves jurisdiction on awarding attorneys' fees until Plaintiff files a motion for reasonably attorneys' fees and costs." The Court should adopt the Honorable Magistrate Judge Goodman's unobjected-to findings and conclusions that Plaintiff's counsel is entitled to an award of attorneys' fees and costs as Defendants do not contest same and same the Court's recommendation/findings are not clearly erroneous.

[2] *See,* [DE80, ¶ 3] Defendants "concede to entry of a judgment against them in the amount of Four Thousand Dollars and 00/100 Cents ($4,000.00)."

6. Defendants' only point of contention is that they delivered a money order to Plaintiff in partial payment of the February installment but, even if that is true, Defendants nonetheless still did not pay the February or March 2017 installment payments.

7. Pursuant to paragraph 3 of the agreement [DE43-1], should one of the installment payments be returned for non-sufficient funds, Defendants shall be in breach of the Settlement Agreement and Plaintiff's counsel shall given written notice via email to Defense Counsel. Upon notice of the breach, Defendants have four (4) business days to cure the breach by providing replacement funds along with an additional $500.00. *Id.* Should Defendants, upon notice of the breach, fail to cure the breach within four (4) business days, including payment of the additional $500.00, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Sixty Thousand Dollars and 00/100 Cents ($60,000.00), less any payments made. *Id.* Plaintiff, having met all conditions precedent, and Defendants having failed to cure the breach, moved to enforce the Parties' Settlement Agreement.

8. Defendants incorrectly rely on *Panchame Martinez* to support their position that the breach provision is unenforceable. *See, Panchame Martinez v. Eddy Coto Produce, Inc., et al.,* Case No.: 14-24054-CIV-LENARD/GOODMAN. Unlike in *Panchame Martinez,* in the case at bar the Parties did not submit their Settlement Agreement for *in camera* review, the Parties did **not** read the terms into the record, and the Court did not review the Agreement in open court to determine fairness, but rather filed the Settlement Agreement on the public record/CM/ECF and it was presented to the Court for consideration during the fairness determination under *Lynn's Food. See*, [DE43-1]. Therefore, Defendants argument that the Court did not specifically address the default provision in its fairness determination and/or when scrutinizing the terms of the Settlement Agreement fails as the Court had before it each and

every term jointly entered into by the Parties when scrutinizing the terms and approving same; Defendants have waived the argument that the default provision is unenforceable. Further, unlike in *Panchame Martinez,* in this case, the provision itself does not describe itself as a "penalty." In fact, the Parties' Settlement Agreement does not contain the word "penalty" at all! *See also, Llanes v. Webeco Foods, Inc., et al.,* Case No.: 14-23320-CIV-LENARD/GOODMAN [DE27-1].

9. Plaintiff, therefore, respectfully requests the Court enter an Order enforcing the Parties' settlement agreement and entering a Final Default Judgment against Defendants, jointly and severally, for the amount of Nineteen Thousand Dollars and 00/100 Cents ($19,000.00), exclusive of attorneys' fees and costs ($4,000.00 under the Agreement in outstanding payments, plus the "Payment Default" provision, and any and all fees and costs incurred for reasonable attorneys' fees and costs for collection). Additionally, Plaintiff further requests that upon collection of the judgment, Plaintiff's counsel should be entitled to additional fees against Defendants, jointly and severally, to be determined by the Court and asks the Court to retain jurisdiction in said determination of said fees and costs upon collection of the judgment and that this judgment shall bear interest in accordance with 29 U.S.C. § 1961.[3]

---

[3] Plaintiff's Motion under 28 U.S.C. § 1927 [DE58] and Plaintiff's Motion for Sanction under Rule 11 [DE63] remain pending before this Court. Despite the fact that Defendants have conceded in two separate pleadings that there are outstanding payments under the Agreement, Defendants continue to oppose Plaintiff's request for the entry of a default judgment, entitlement to fees and costs and future fees and costs related to collection, and for all other relief herein requested. As a direct result of Defendants' bad-faith litigation tactics, as seen by Defendants vexatiously multiplying the proceedings unnecessarily despite conceding that there are outstanding settlement payments as per the Agreement, the judgment has been held up for several months and, in the interim, Defendants have likely become uncollectible as a result of another garnishment; therefore, Plaintiff has been prejudiced by Defendants' and their counsel's gamesmanship and antics. Further, Defendants should have admitted that at least some money was owed to Plaintiff and not opposed the Motion to enforce the Agreement as a result of the breach instead of denying that any amount was owed and forcing Plaintiff to accrue fees and

**MEMORANDUM OF LAW**

It is expressly within this Court's discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *See,* Fed. R. Civ. P. 72(b); Southern District of Florida Magistrate Judge Rule 4.b. Plaintiff respectfully requests the Court accept in whole the findings/recommendations made by the Honorable Magistrate Judge Goodman in the Report and Recommendation [DE87]. [4]

A settlement of FLSA claims can be reached only: (1) under the supervision of the Secretary of Labor; or (2) in the context of a suit brought by an employee and approved by a judge. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Under the second route, this Court may enter a "stipulated judgment" following a settlement of an FLSA claim after "scrutinizing the settlement for fairness." *Id.* The purpose of requiring additional scrutiny is because "there are often great inequalities in bargaining power between employers and employees." *Id.* at 1352. *Lynn's Food's* approval requirement remains unique to the Eleventh Circuit, although other circuits refuse to enforce a written waiver of FLSA rights. *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010).

The Eleventh Circuit has clarified that a "stipulated judgment" requires the agreement of the parties to enter a judgment. *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1308 (11th Cir. 2013).

---

costs in connection to enforcement of the Agreement and all related work. As s direct result of Defendants and their counsel's delay tactics, Plaintiff has been prejudiced and will likely not recover monies owed to him and his counsel under the jointly drafted and agreed to Agreement.

[4] Portions of the Report that are not properly objected to will be evaluated by the district court judge under a clearly erroneous standard of review. *See, Macort v. Prem, Inc., 208 F. App'x* 781, 784 (11th Cir. 2006); *Cuevas on Behalf of Juarbe v. Callahan*, 11 F. Supp. 2d 1340, 1342 (M.D. Fla. 1998). The Report and Recommendation [DE87] "reserves jurisdiction on awarding attorneys' fees until Plaintiff files a motion for reasonably attorneys' fees and costs." The Court should adopt the Honorable Magistrate Judge Goodman's unobjected-to findings and conclusions that Plaintiff's counsel is entitled to an award of attorneys' fees and costs as Defendants do not contest same and same the Court's recommendation/findings are not clearly erroneous.

*Id.* at 1308. In *Nall*, the Circuit Court held that it was error to enter a judgment where plaintiff's counsel objected to the enforcement of a settlement reached by plaintiff, acting without counsel, and her former employer. *Id.* at 1305-06. The Court noted that its holding was limited to the factual scenario presented. *Id.* at 1308 n.3. The Court explicitly left open the question of whether plaintiff counsel's later objections to a settlement had been reached with the assistance of counsel invalidate the possibility of a "stipulated judgment." *Id.*

This matter sounds under the FLSA 29 U.S.C. 201-216 and Florida Statute § 448.110/Florida Minimum Wage Act/Florida Constitution for overtime and minimum wage violations. [DE27]. The Parties entered into a Settlement Agreement which was executed by Plaintiff on February 26, 2016 [DE43-2] and, thereafter, executed by Defendants on March 1, 2016 [DE43-1]. **The Settlement Agreement was submitted for the Court's review by filing the executed Agreement(s) on CM/ECF.**

Under the settlement agreement, Defendants were required to pay the Settlement Funds in thirteen (13) installment payments to Plaintiff's counsel, c/o J.H. Zidell, P.A., with funds to be disbursed by counsel pursuant to the agreement. Per the Agreement [DE43], payment of the settlement funds was to be on the 10th of each month commencing in March, 2016. By agreement, pursuant to Paragraph 3 of the agreement [DE43-1], should one of the installment payments be returned for non-sufficient funds, Defendants shall be in breach of the Settlement Agreement and Plaintiff's counsel shall given written notice via email to Defense Counsel. Upon notice of the breach, Defendants have four (4) business days to cure the breach by providing replacement funds along with an additional $500.00. *Id.* Should Defendants, upon notice of the breach, fail to cure the breach within four (4) business days, including payment of the additional $500.00, a final default judgment shall be entered against Defendants, jointly and

severally, in the total amount of Sixty Thousand Dollars and 00/100 Cents ($60,000.00), less any payments made. *Id.*[5] The Agreement was a result of joint draftsmanship [DE43-1 and 2, ¶20] and the Parties **jointly** moved for a fairness review by filing the Agreement as an exhibit to the Parties' Joint Motion for Approval [DE43] was filed on the record. The Motion [DE43] set forth why the Agreement was fair as to all the Parties which included, among others, to avoid costs and uncertainty of litigation, the Parties were represented by counsel who have significant experience in litigation of FLSA claims, the settlement sum was subject to arms-length negotiations, written discovery had been exchanged, and the Agreement included monetary and additional non-monetary terms which constituted valuable consideration. *Id.* The Honorable District Judge Jose E. Martinez approved the Agreement "after careful consideration." [DE44]. Plaintiff has met all conditions precedent for payment. The Agreement was approved by the Honorable District Judge Martinez. [DE44]. Not once throughout the drafting and/or approval process did Defendants express any gripe or concern as to default provision and not, for the first time, argue that the provision is unenforceable. Defendants have waived their right and are otherwise estopped from arguing against what they originally moved the Court to accept and approve and which they never before have raised before this Court.

Defendants incorrectly rely on *Lefemine* to support their position that the breach provision is unenforceable. *Lefemine v. Baron,* 573 So.2d 326, 328 (Fla. 1991). However, *Lefemine* is regarding a contract for the purchase and sale of real estate and provisions for the rental of property and has no place in an FLSA judicially supervised Agreement and the enforcement of same. In *Boswell,* a state appellate court held that *Lefemine* was inapplicable for the following reasons.

---

[5] The default provision was additional consideration for Plaintiff to compromise his claim and to enter into the Agreement.

> "First, *Lefemine* reiterated this state's long-standing policy of disallowing penalty provisions for breach of a real estate contract. *See, e.g., Poinsettia Dairy Prods. v. Wessel Co.,* 123 Fla. 120, 166 So. 306 (1936); *Southern Menhaden Co. v. How,* 71 Fla. 128, 70 So. 1000 (1916). Those policy concerns are inapplicable to a new agreement entered into to resolve a dispute after a breach has occurred. Here, the buyers entered into a new agreement with a larger deposit to extend the closing date and avoid loss of their initial deposit. Second, the *Lefemine* contract did not include the rental of the subject property pending the closing. And third, the default provision in the Addendum simply provided alternative remedies for the buyers' breach of the rental and maintenance/utility fee provisions."

*Boswell v. Zegeye,* 954 So. 2d 66, 68 (Fla. Dist. Ct. App. 2007); *See also, Ravenstar LLC v. One Ski Hill Place LLC,* 2016 COA 11, ¶ 32, *reh'g denied* (Feb. 25, 2016), *cert. granted sub nom. Ravenstar , LLC v. One Ski Hill Place LLC,* No. 16SC224, 2016 WL 6069151 (Colo. Oct. 17, 2016)("…We are not persuaded by the reasoning of the cases holding such options unenforceable. Those decisions assumed that an optional liquidated damages provision would be exercised only when the liquidated amount exceeds the actual damages resulting from the breach, thereby "indicat[ing] an intent to penalize the defaulting buyer." *Lefemine,* 573 So.2d at 329. We reject that premise…"); *See also, U.S. Bank Nat. Ass'n v. Benoit,* 190 So. 3d 235, 237 (Fla. Dist. Ct. App. 2016) ("In Florida, settlement agreements are "highly favored" "and will be enforced when it is possible to do so." *Treasure Coast, Inc. v. Ludlum Constr. Co.,* 760 So.2d 232, 234 (Fla. 4th DCA 2000). "[P]arties have broad discretion in fashioning the terms of a settlement agreement," *Aboumahboub v. Honig,* 182 So.3d 682, 684 (Fla. 4th DCA 2015), and courts must enforce a settlement agreement so long as the parties agree on the "essential terms and seriously understand and intend to be bound by the terms," *Treasure Coast,* 760 So.2d at 234.").

In the case at bar, the Agreement was judicially supervised and approved. Unlike in the real estate contracts relied on by Defendants to support their position regarding the breach provision in the Agreement, in this FLSA matter the Agreement does not have the option to elect between liquidated damages and actual damages. Further, damages flowing from a non-payment breach are not ascertainable, and are definitely not ascertainable at the time of the execution of the Agreement. There is no way for Plaintiff to ascertain which bills he will be unable to pay as a result of the non-payment of Defendants of the Agreement and his reliance on said payment for said bills, and Defendants have failed to offer any evidence regarding same. Further, there is no way of knowing at the time of the execution of the Agreement what damages Plaintiff will sustain as a result of Plaintiff possibly making monetary commitments based on the knowledge of receiving settlement funds and not being able to pay same as a result of a breach of payment by Defendants.

Defendants incorrectly rely on *Panchame Martinez* to support their position that the breach provision is unenforceable. *See, Panchame Martinez v. Eddy Coto Produce, Inc., et al.,* Case No.: 14-24054-CIV-LENARD/GOODMAN. Unlike in *Panchame Martinez,* in the case at bar the Parties did not submit their Settlement Agreement for *in camera* review, the Parties did **not** read the terms into the record, and the Court did not review the Agreement in open court to determine fairness, but rather filed the Settlement Agreement on the public record/CM/ECF and it was presented to the Court for consideration during the fairness determination under *Lynn's Food*. *See*, [DE43-1]. Therefore, Defendants argument that the Court did not specifically address the default provision in its fairness determination and/or when scrutinizing the terms of the Settlement Agreement fails as the Court had before it each and every term jointly entered into by the Parties when scrutinizing the terms and approving same; Defendants have waived the

9

argument that the default provision is unenforceable. Further, unlike in *Panchame Martinez,* in this case, the provision itself does not describe itself as a "penalty." In fact, the Parties' Settlement Agreement does not contain the word "penalty" at all! *See also, Llanes v. Webeco Foods, Inc., et al.,* Case No.: 14-23320-CIV-LENARD/GOODMAN [DE27-1].

Lastly, the amount of the breach is not grossly disproportional to the total settlement amount. The default provision is a mere 33% in relation to the total settlement amount. As abovementioned, in *Llanes,* the Honorable District Judge Lenard entered an Order enforcing the same default provision for breach for an additional $15,000 and for attorneys' fees and costs for collection as defendants' failed to make payment in accordance with the parties' jointly drafted settlement agreement that the Honorable Magistrate Judge Goodman has found to be unenforceable in the instant action. In *Llanes,* the default provision, approved and enforced by this Court, was 33% in relation to the total settlement amount. *Id.*; *See also,* [DE27-1]. *See also,* [DE87, P.11] ("The facts in this case are even more compelling. Unlike in *Llanes*, where the defaulting party could not prove that it made timely payments, Defendants in this case freely *admit* that they did not pay the last two settlement installments. So if the same default provision was properly invoked under the facts in *Llanes*, then it is certainly proper under the facts in this case."). In *Porras*, the default provision, approved and enforced by the Court, was 133% in relation to the total settlement amount. *Porras v. Lehman Realty Mgmt., LLC,* Case No.: 09-81039-CIV, 2010 WL 4279456, at *2 (S.D. Fla. Oct. 22, 2010). In *Lytle*, the default the default provision was 100% of the total settlement amount and was allegedly "snuck in" at the last minute and the Court held that a settlement agreement was reached with the inclusion of the breach provision. *Lytle v. King's Constr. Co.,* No. 1:14-CV-288-GGB, 2015 WL 12856450, at *5 (N.D. Ga. July 30, 2015).

WHEREFORE, Plaintiff, therefore, respectfully requests the Court enter an Order enforcing the Parties' settlement agreement and entering a Final Default Judgment against Defendants, jointly and severally, for the amount of Nineteen Thousand Dollars and 00/100 Cents ($19,000.00), exclusive of attorneys' fees and costs ($4,000.00[6] under the Agreement in outstanding payments, plus the "Payment Default" provision, and any and all fees and costs incurred for reasonable attorneys' fees and costs for collection). Additionally, Plaintiff further requests that upon collection of the judgment, Plaintiff's counsel should be entitled to additional fees against Defendants, jointly and severally, to be determined by the Court and asks the Court to retain jurisdiction in said determination of said fees and costs upon collection of the judgment and that this judgment shall bear interest in accordance with 29 U.S.C. § 1961.[7]

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR DEFENDANTS
300-71ST STREET
SUITE 605
MIAMI BEACH, FL 33141
305-865-6766
305-865-7167

_ s/ Rivkah Jaff __
Rivkah Jaff, Esquire
Florida Bar No.: 107511

---

[6] Defendants have already agreed that at least $4,000.00 is owed under the Agreement. [DE72, P.3, FN 4].

[7] Plaintiff's Motion under 28 U.S.C. § 1927 [DE58] and Plaintiff's Motion for Sanction under Rule 11 [DE63] remain pending before this Court. Despite the fact that Defendants have conceded in two separate pleadings that there are outstanding payments under the Agreement, Defendants continue to oppose Plaintiff's request for the entry of a default judgment, entitlement to fees and costs and future fees and costs related to collection, and for all other relief herein requested.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 2/26/18 TO:**

**LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**