UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.15-21797-cv-MARTINEZ/GOODMAN

JOSE OQUENDO OCASIO,

    Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC.,
and MICHAEL KATTOURA,

    Defendants.
_____/

### DEFENDANTS' VERIFIED MOTION FOR RELIEF OF ORDER [DE 91] And to STRIKE [DE 92] and [DE 93]

Defendants, FOOD OF SOUTH FLORIDA, INC. and MICHAEL KATTOURA, move the Court pursuant to Rule 60(b) for relief from its 3/15/18 order enforcing the settlement agreement [DE 91] ("the Order") and to strike [DE 92] and [DE 93] pursuant to Rule 25 and as grounds for the relief sought state:

1. Defendants recently learned through a conversation with a former employee that Plaintiff, JOSE OQUENDO OCASIO, died on 11/22/17 of natural causes. Mr. Ocasio's death was verified through the Miami-Dade County Medical Examiner's website which shows a case number for him of 2017-03486. See attached website. Defense counsel contacted Plaintiff's counsel via email to inquire whether it knew of Mr. Ocasio's death.

2. If Plaintiff's counsel previously knew of this event, it neither notified the Court or Defendants.

3. A check of the Clerk of Court, Miami-Dade Circuit Court website shows that as of

the date of this motion, an estate has never been opened for Mr. Ocasio.

4. Because a deceased person cannot be a party, the Court's 3/15/18 order is void. A requirement of Article III jurisdiction is the presence at all times of a live case or controversy. When Mr. Ocasio died there no longer was a live "case or controversy" before the Court and his Motion to Enforce Settlement Agreement became moot absent the invocation of Rule 25.

5. Mr. Ocasio's death also ended Plaintiff's counsel authority to represent his interests. Plaintiff's counsel could no longer take action in this matter as of 11/22/17. Accordingly, the purported Suggestions of Death filed by Plaintiff's counsel [DE 92 and DE 93] are nullities and must be stricken.

6. Defendants are authorized to file a Suggestion of Death under Rule 25 but they are unable to serve the notice on a non-party due to lack of information about any heirs or representatives Mr. Ocasio had upon his death. Plaintiff's counsel is in a better position to know such information and should be ordered to provide it to Defendants within seven days of the Court's issuance of an order so that service of the Suggestion of Death can be perfected.

7. Counsel for the Defendants conferred with Plaintiff's counsel regarding the merits of this motion. Plaintiff's counsel opposes the relief sought and stated its intent to seek sanctions for filing a "frivolous motion."

## Memorandum of Law

Rule 60(b) permits a party to seek relief from an order on enumerated grounds, including that an order was entered due to a mistake, is void or other reasons that justify relief. Defendants seek relief under Rule 60(b) on the grounds that the Court was under

the mistaken belief that Mr. Ocasio was still alive when it entered the Order on 3/15/18 and because he was not, there no longer was a case or controversy upon which to base jurisdiction. The Order, therefore, is void. Another ground that justifies relief is that on the date it was entered, the Order could not provide Mr. Ocasio or his estate (because there is none) the relief sought in the consolidated motion to enforce.

### Article III Jurisdiction

A party's death affects the Court's ability to proceed because there no longer is a "case or controversy" as required by Article III. When a case or controversy no longer exists, the remedy is to dismiss the case. Rule 25 provides the sole mechanism by which to keep a deceased party's case or controversy alive. Rule 25 _stays_ dismissal of a case for a ninety-day period to allow a properly appointed personal representative to be substituted for the deceased party.

Mr. Ocasio already had been deceased for four months at the time the Court entered its Order. In order for a court to have or maintain jurisdiction, a party must present a viable case or controversy. *DiMaio v. Democratic Nat'l Comm.*, 555 F.3d 1343, 1345 (11th Cir. 2009); *Stinson*, 2012 U.S. Dist, LEXIS 16500 (M.D. Ala. 2012). If an event occurring after the filing of the lawsuit deprives "the court of the ability to give the plaintiff meaningful relief, then the case must be dismissed." *Soliman v. United States ex rel. INS*, 296 F. 3d 1237, 1242 (11th Cir. 2002) quoting *Al Najjar v. Ashcroft*, 273 F. 3d 1330, 1336 (11th Cir. 2001). These principles apply when a party dies and there is no authorized party to represent the decedent's interests.[1] Thus, when the Court entered its

---

[1] The issue of a court's jurisdiction may be raised at any time in a proceeding by a party of by a court.

Order on 3/15/18, it did so on the mistaken belief that Mr. Ocasio was still alive and there was a live "case or controversy." Thus, Rule 60(b)(1) forms a basis for relief.

But even if Rule 60(b)(1) was deemed inapplicable, relief still would be warranted under Rule 60(b)(4). Rule 60(b)(4) applies where a judgment is premised on jurisdictional error. *Certain Underwriters at Lloyd's v. Best for Less Food Mart, Inc.*, 2010 U.S. Dist. LEXIS 86463 (M.D. Fla. 2010). "A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010). A fundamental infirmity occurs and a judgment is void as to any person shown by the record itself not to have been before the Court in person or by authorized representation. *Turner v. Turner*, 473 SW 3rd 257 (S.C. Tenn. 2015).

Here, the record shows that Mr. Ocasio no longer was "before the Court" in person or by authorized representative at the time the Order was entered. *Adkins v. City of Chicago*, 547 F. 3d 869 (7th Cir. 2008). The Order, therefore, was void when entered, particularly since Rule 25's mechanism had not been invoked to stay dismissal. Upon Mr. Ocasio's death (and at the time the order was entered) the Court's jurisdiction over the case or controversy ceased to exist.

Even if these grounds were not already sufficient reason to grant Defendants' Rule 60(b) motion under subsections (1) and (4), subsection (6) provides the third basis for doing so. At the time the Order was entered, Mr. Ocasio no longer could benefit from the relief sought in the consolidated motion to enforce the settlement. Stated another way, there was no longer a "person" to whom to the judgment inured. As the case stood on 3/15/17, any contractual obligations owed by Defendants to Mr. Ocasio were extinguished

by his death and the case was subject to dismissal, absent the appearance of a properly appointed personal representative within the time provided in Rule 25.

### Plaintiff's counsel's Lack of Authority After Mr. Ocasio's Death

Plaintiff's counsel is not the type of authorized representative necessary to continue to maintain the case. Plaintiff's counsel's authority to act on Mr. Ocasio's behalf was extinguished by his death. *In re Chiquita Brands Int'l Alien Tort and Shareholder's Derivative Action*, 2017 U.S. Dist. LEXIS 216848 (S.D. Fla. 2017); *Tatum v. City of Americus Georgia*, 2013 U.S. Dist. LEXIS 156628 (M.D. Ga. 2013). Plaintiff's counsel lost the ability to file papers in this case and to continue to represent Mr. Ocasio's interests on 11/22/17. Indeed, Plaintiff's counsel did not even have the authority to file the Suggestions of Death [DE 92 and 93]. *Schmidt v. Merrill Lynch Trust Co.*, 2008 U.S. Dist. LEXIS 114674 (M.D. Fla. 2008). [2] For this reason, Defendants' motion to strike [DE 92] and [DE 93] is due to be granted.

As noted above, Defendants have no information about Mr. Ocasio's possible heirs or representatives. Plaintiff's counsel is in a position to know this information and should be required to provide it to Defendants forthwith so that they can comply with Rule 25.

WHEREFORE, Defendants respectfully request that the Court vacate its 3/15/18 order and relieve them from its directives and that the Court order Plaintiff's counsel to provide Defendants with the name(s) and address(es) of Plaintiff's heirs or representatives so that service of the Rule 25 can be properly effected.

---

[2]   Defendants are authorized by Rule 25 to file a Suggestion of Death and have done so.

MY SIGNATURE BELOW CONSTITUTES A VERIFICATION THAT THE FACTS STATED IN THIS MOTION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

> Respectfully Submitted,
>
> LANGBEIN & LANGBEIN, P.A.
> Counsel for the Defendants
> 8181 NW 154th Street, Suite 105
> Miami Lakes, FL 33016
> Tel: (305) 556-3663
> Fax: (305) 556-3647
> Email: langbeinpa@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 3/23/18 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served the document this day on all counsel of record identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF.

> By:   Leslie W. Langbein, Esq.
>         Leslie W. Langbein, Esq.
>         Fla. Bar No. 305391

## SERVICE LIST

J. H. Zidell, Esq.
K. David Kelly, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorneys for the Plaintiff