UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21797-CIV-JEM

JOSE OQUENDO OCASIO and all others )
similarly situated under 29 U.S.C. 216(b), )
)
              Plaintiff, )
  vs. )
)
FOODS OF SOUTH FLORIDA, INC. d/b/a )
MR. MIKE'S GROCERY STORE, )
CAROLINA KATTOURA, )
MICHAEL KATTOURA, )
)
              Defendants. )
)
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' VERIFIED MOTION FOR RELIEF OF ORDER**

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby files this Opposition to [DE 95] as follows:

1. This Court in [DE 91] approved the Magistrate's Report and Recommendation, and awarded $19,000 in favor of Plaintiff against FOODS OF SOUTH FLORIDA, INC. d/b/a MR. MIKE'S GROCERY STORE, CAROLINA KATTOURA, and MICHAEL KATTOURA, jointly and severally. [DE 91] also allows interest to accrue on the lesser amount of $18,500, and such order reserved jurisdiction for Plaintiff's fees and costs.

2. As indicated by the docket, the Plaintiff is now deceased. Plaintiff filed a suggestion of death on 3/19/2018, and Defendants filed a suggestion on death on 3/22/2018.

3. In [DE 96], Plaintiff seeks to compel payment of the $19,000, the respective interest on the amount of $18,500, and also for the Court to find that any fees and costs that are awarded, must similarly be paid.

1

4. In [DE 95], defense Counsel is attempting vacate the Order Adopting the R&R (concerning default, enforcement of the settlement agreement and attorneys' fees) [DE 91], and to strike the suggestion of death and notice of intent to substitute the estate (if necessary). [DE Nos. 92 and 93]. Defendants then filed their own suggestion of death [DE 94].[1]

5. Plaintiff has filed a redacted copy of the Plaintiff's daughter's (Jeanelys Oquendo Rosado's) birth certificate, listing the deceased Plaintiff as her father, attached to the reply to the response to [DE 96]. Should the Court need an unredacted copy, one can be provided to chambers.

6. Attached to Plaintiff's separately filed Reply on 4/4/16, is a redacted copy of the Plaintiff's daughter's (Jeanelys Oquendo Rosado's) birth certificate, listing the deceased Plaintiff as her father. Should the Court need an unredacted copy, one can be provided to chambers. Plaintiff also refers to the Settlement Agreement filed in this matter as [DE 43-1], which expressly states in part on Page 1 that the agreement is between Defendant including their "heirs" etc., and "JOSE OQUENDO OCASIO, **including his heirs, representatives, attorneys, successors, and assigns**…." Consequently, as a contractual matter, Defendants agreed that the settlement (approved by the Court) included the Parties' "heirs" etc. Based on same, this Court should find Plaintiffs' "attorneys" are authorized to move forward, and that the settlement rights should inure to the benefit of Plaintiff's daughter (without the need of setting up an estate).

---

[1] As indicated by the e-mail attached to [DE 96], the undersigned Firm conferred with defense Counsel Leslie Langbein, Esq. to coordinate a collections deposition *duces tecum* in aid of execution. On 3/19/18, defense Counsel responded that she was moving to withdraw. Thereafter, she began filing pleadings attacking the relief sought in [DE 96].

7. Since Plaintiff's heirs (i.e. his daughter) was an interested third party by the contract's clear terms, it stands to reason that she has standing to enforce it without invoking probate procedures.

## MEMORANDUM OF LAW AND ARGUMENT

In the case of *Rodriguez v. Diego's Restaurant*, 07-21575 (S.D. Fla. 2007), the Plaintiff died during collections proceedings, and counsel for that deceased plaintiff explained that the total settlement amount agreed to in the Settlement Agreement was for the amount of Thirty Thousand Dollars and No Cents ($30,000.00). Of the settlement amount, the Court approved that Plaintiff would receive Twelve Thousand Dollars and No Cents ($12,000.00) for Plaintiff's overtime wages, and Plaintiff's Counsel would receive Eighteen Thousand Dollars and No Cents ($18,000.00) representing attorneys' fees and costs. As reflected by the docket in *Diego Restaurant*, no motion to substitute an estate was filed under Rule 25 of the Federal Rules of Civil Procedure, but nevertheless this Court ordered disbursement of the settlement funds. *See* attached order [DE 74] from *Diego Restaurant*.

In *Diego Restaurant*, counsel for Plaintiff argued that Florida Statutes §222.15 and §222.16 states as follows:

> It is lawful for any employer, in case of the death of an employee, to pay to the wife or husband, and in case there is no wife or husband, then to the child or children, provided the child or children are over the age of 18 years, and in case there is no child or children, then to the father or mother, **any wages** or travel expenses that may be due such employee at the time of his or her death…

> Any wages, travel expenses, or reemployment assistance or unemployment compensation payments so paid under the authority of s. 222.15 shall not be considered as assets of the estate and subject to administration; provided, however, that the travel expenses so exempted from administration shall not exceed the sum of $300. (Emphasis added).

Fla. Stat. Ann. § 222.15 and § 222.16.

In the case at bar, this Court has already awarded $19,000 in favor of Plaintiff against FOODS OF SOUTH FLORIDA, INC. d/b/a MR. MIKE'S GROCERY STORE, CAROLINA KATTOURA, and MICHAEL KATTOURA, jointly and severally. [DE 91] also allows interest to accrue on the lesser amount of $18,500, and reserved jurisdiction for Plaintiff's fees and costs. With respect to Florida Statute §222.15 and the language "wages", this Court should find that the award in [DE 91] includes wages along with the associated liquidated damages, fees and costs. Plaintiff also refers to *Daigle v. Angeline Enterprises, Inc.*, 2015 WL 7271746, *1 (M.D. Fla. 2015), which makes it clear that FLSA claims survive the employee's death. Thus, Plaintiff's claims were not extinguished upon his death. *Diego's Restaurant* and *Daigle* did not involve Rule 25 of the Federal Rules of Civil Procedure, yet this Court in *Diego's Restaurant* (see attached order [DE 74]) ordered disbursement of the funds, and *Daigle* approved the settlement.

In *Daigle*, the court discussed the wages in the amount of $948.27, the liquidated damages in the amount of $948.27, and also the fees and costs in the amount of $3,103.46. *Id.* at *2. Very importantly to the case at bar, is that *Daigle* discussed Florida Statute §222.16 and approved the entire settlement (that included wages, liquidated damages, fees and costs). Therefore, in the case at bar, this Court should similarly, without requiring substitution of an estate under Rule 25 of the Federal Rules of Civil Procedure, find that this Court's award in [DE 91] (including the fees and costs that the undersigned Firm will be seeking) are "wages" under Florida Statutes §222.16.

In addition, analogously it has been held that "[t]he Court is not aware of nor has Pramco provided any authority for the Court to grant substitution of parties more than three years after

entry of final judgment in this matter[2], and where that judgment was entered during the deceased party's lifetime. Indeed, Rule 25 provides substitution within a required time and dismissal of the deceased party if substitution is not made within that time. *See* Fed.R.Civ.P. 25(a)(1).[ ] Clearly a party cannot be dismissed from an action where a final judgment was entered in the party's lifetime. As such, the relief Pramco seeks is without basis in law and must be denied." *Pramco II, LLC v. Cheyenne Water Serv., Inc.*, CIV. 2003-2, 2008 WL 3200778, at *4 (D.V.I. Aug. 1, 2008). In the case at bar, on 3/10/16 [DE 44], this Court approved the settlement agreement, before the Plaintiff was deceased. The instant proceedings merely involve resolution of Defendants' breaches regarding a settlement agreement that was approved by a final order of this Court. This matter was already dismissed, and the only reason this issue is before the Court, is because jurisdiction has be reserved to enforce a settlement approved by a final order. Thus, this Court should find that substitution is not necessary, and also that attorneys' fees and costs can be awarded as approved by [DE 44]. Any damages owed to Plaintiff due to Defendants' breach flowed from the settlement agreement that was approved by a final order which dismiss this action [DE 44]—in which case Plaintiff's heirs should receive any such proceeds (that would otherwise be due to the Plaintiff) under the rules of succession pursuant to applicable probate law.

Any damages owed to Plaintiff[3] due to Defendants' breach flowed from the settlement agreement that was approved by a final order which dismiss this action [DE 44]—in which case Plaintiff's heirs should receive any such proceeds (that would otherwise be due to the Plaintiff)

---

[2]In this case, the Plaintiff died on died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to comply with the Court's directives. The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18.
[3]And Plaintiff's daughter who is named in the Agreement as she is Plaintiff's heir.

under the rules of succession pursuant to applicable probate law. The Plaintiff died on died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to comply with the Court's directives. The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18. Such is important as this matter has been concluded. Plaintiff is no longer needed to prosecute this matter, he will not need to be deposed, not need to attend trial etc. Defendants in [DE 97] pages 4 and 7 attack the merits of the case (by referencing the complaint and the issue of "prevailing party"), however the Plaintiff is not needed to further prosecute this case. The settlement was approved and the case dismissed when the Plaintiff was alive. Even the Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died.[4] In [DE 95], Defendants cite *In re: Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig*, and argue under Rule 25 of the Federal Rules of Civil Procedure, the undersigned had not authority to act. However, in that case,[5] the Court in its ruling stated that "The Defendant Estate … is directed to file its Answers to the Plaintiffs' Amended Complaints in these proceedings within **FIFTEEN (15) DAYS** from the date of entry of this order." *In re: Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 08-80421-CIV, 2017 WL 5308031, at *10 (S.D. Fla. July 5, 2017). Consequently, that case was still pending at the early stages of the litigation. In the case at bar, the Court already entered an order approving

---

[4]In this case, the Plaintiff died on died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to comply with the Court's directives. The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18.

[5]Which, unlike this case, did not invoke a settlement agreement that included the plaintiff's daughter as an heir.

settlement and dismissal. Similarly, *Tatum v. City of Americus*, 1:09-CV-56 WLS, 2013 WL 5890201, at *2 (M.D. Ga. Nov. 1, 2013) concerned a Section 1983 action that the estate sought to prosecute. Defendants also cite *Schmidt*, which stated that "Rule 25(a) is not meant to be used as a procedural mechanism to "bar ... otherwise meritorious actions."[ ] Instead, its driving purpose is to ensure that all those having a legal interest **in the pending suit** are aware of the party's death and are alerted to act to preserve their respective rights." *Schmidt v. Merrill Lynch Tr. Co.*, 507-CV-382-OC-10GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008)(emphasis added). The case at bar does not involve pending FLSA claims. *Schmidt* concerned a fraud claim that the Defendants sought to dismiss. *Schmidt v. Merrill Lynch Tr. Co*., 507-CV-382-OC-10GRJ, 2008 WL 2694891, at *1 (M.D. Fla. June 30, 2008). In the case at bar, the Court already entered an order approving settlement and dismissal as stated *supra*.

With respect to the issue of authority to act,[6] the Court should note that Defendants also filed a suggestion of death [DE 94] on 3/22/18. The effect would be that Plaintiff would get some additional time (Plaintiff filed a suggestion of death [DE 92] on 03/19/18) to seek substitution of the estate concerning the (90) day period under Rule 25 of the Federal Rules of Civil Procedure. Thus, it appears Defendants' Motion [DE 95] was filed for vexatious purposes.

WHEREFORE, the Plaintiff requests the Court deny Defendants' Motion.

---

[6]And in spite of Plaintiff's daughter being included in the Settlement Agreement as an "heir[ ]".

**Respectfully submitted,**

**J.H. ZIDELL, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: ZABOGADO@AOL.COM**
**F.B.N. 10121**
**BY:____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**

**CERTIFICATE OF SERVICE:**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT 4/4/18 VIA CM/ECF TO:**

**ALL CM/ECF RECIPIENTS**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**ATTORNEYS FOR DEFENDANT**
**8181 NW 154 STREET**
**SUITE 105**
**MIAMI LAKES,FLORIDA 33016**

**BY:            /s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**