UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-21797-JEM

JOSE OQUENDO OCASIO and
All others similarly situated,

    Plaintiff (Deceased),

v.

FOODS OF SOUTH FLORIDA
d/b/a MR. MIKE'S GROCERY STORE and
MICHAEL KATTOURA,

    Defendants.

_____/

### DEFENDANTS' REPLY IN SUPPORT OF THEIR VERIFIED MOTION FOR RELIEF OF ORDER

Defendants, FOODS OF SOUTH FLORIDA, INC. and MICHAEL KATTOURA, through undersigned counsel, serve this reply in support of their Motion for Relief of Order or Judgment.

#### Plaintiff's Counsel's Lack of Authority

Nothing in Plaintiff's counsel's [1] response addresses the issue of a lawyer's authority to act on behalf of a client end upon the client's death.  Instead, Plaintiff's counsel -- in an effort to sidestep precedent and Rule 25-- argues that its authority to represent its deceased client derives from the enumeration of "attorneys" as one of the persons who are collectively defined as "Plaintiff" in the settlement agreement, and covered by its general release in favor of Defendants.  This is bootstrapping at best since

---

[1] The response, if at all, represents Plaintiff's counsel's interest in the litigation since its client is deceased and it has not shown legal authority to act on behalf of an heir or personal representative or an estate.

attorneys are not **_parties_** to a lawsuit.  Moreover, parties cannot contractually circumvent Rule 25 and confer jurisdiction on a court when there no longer is a case or controversy due to the death of a party.

The only procedure available to preserve a case or controversy upon the death of a party is found in Rule 25's substitution requirement. Whether or not Mr. Ocasio is no longer needed for trial or deposition, as argued on page 6 of the response, is beside the point.  Mr. Ocasio's death ended the "case or controversy" absent the grant of a properly filed Motion for Substitution by a duly appointed representative of his estate who has standing to continue to assert the claim and the right to an award of attorney's fees and costs.   *Turner v. Sec. of Air Force*, 944 F.2d 804(11th Cir. 1991).   The Court's order entered granting a motion to enforce the settlement after Mr. Ocasio's death is void because there no longer was a person with standing to enforce those rights.

Despite this, Plaintiff's counsel implores the Court to disregard basic tenets of Article III jurisdiction and find that standing and Rule 25 are mere technicalities.   They are not.  The Court cannot (and in the case could not) grant relief to a party that is dead nor to a person whom Plaintiff's counsel's represents in an unsworn response to be the sole heir and representative of a non-existent estate.  Therefore, even if the Court's order establishing liability pre-existed Mr. Ocasio's death (which it did not), there still is no case or controversy until and unless a person with authority to act on behalf of _Mr. Ocasio's estate_ seeks substitution under Rule 25.

### Section 222.115 Does Not Confer Jurisdiction Nor Affect Rule 25

Plaintiff's counsel, nevertheless, continues to invoke Section 222.115, F.S as an alternative to Rule 25.  Section 222.115,F.S. is not a source of federal court jurisdiction

and it is not an alternative to Rule 25.  The purpose of Section 222.15, F.S. is apparent from the chapter of which it is part:  Chapter 222, F.S. consist of laws creating exemptions from attachment.  Section 222.15's sole purpose is to **_shield_** last wages from collection and immunize employers from garnishee liability for payment of those wages to a widow, adult children or a parent of the deceased employee rather than a creditor.   Nothing in Chapter 222, F.S. indicates that its sections create private causes of action.  Indeed, Section 222.15,F.S. creates a defense of exemption.

<u>Even if Section 222.15,F.S. Created a Basis for Standing,  Plaintiff's Counsel has Not Proven Its Authority to Represent a Person With Standing under Section 222.15,F.S</u>

Plaintiff's counsel attaches a purported birth certificate to its response in an effort to divert attention from the salient issue of jurisdiction and its own lack of authority to continue to prosecute this case. [2]  However, the person named on the purported birth certificate has **_never has made an appearance_** in this Court through Rule 25.   Plaintiff's counsel also has not presented a foundation for the conclusion that the person named in the purported birth certificate is an appropriate heir through presentation of _competent evidence_.  See _Alvarez v. Nunez_, 2013 U.S. Dist. LEXIS 40348 (S.D. Fla. 2013).

<u>The Purported "Daughter"</u>

Even if Plaintiff's counsel were able to establish authority to act on behalf of a party capable of benefiting from Section 222.15, F.S. (and assuming the statute creates a private cause of action or a basis for standing), the birth certificate attached to the unverified response does not establish that "Jeanelys Oquendo Rosado" is **_this_** Jose

---

[2]   Plaintiff's counsel accusation of vexatious conduct on the part of Defendants is a deflection of its own culpability in continuing to file unauthorized documents .

Oquendo's daughter.  A simple Google search shows numerous persons in Florida alone named "Jose Oquendo" including those who live (or lived) in North Miami Beach, Fort Lauderdale, and Hialeah.  Google also features "Jose Oquendo," a famed coach and player for the St. Louis Cardinals. There are over 70 persons named "Jose Oquendo" on Facebook.

Even if the "Jose Oquendo" named on the birth certificate was the deceased Mr. Ocasio and Jeanelys Oquendo Rosado was his daughter, the birth certificate alone does not establish her right, if any, to benefit from Section 222.15, F.S.  Section 222.15, F.S. provides an exemption from attachment of wages [3] on a succession basis.   The first category of persons who are entitled to assert rights to unpaid wages at the time of death consists of the spouse of the deceased employee.  If there is no surviving spouse, then *and only then* does the benefit devolve to " **a child or children, provided the child or children are over the age of of 18 years.**"   Plaintiff's counsel has not even alleged, much less provided legal proof, that Mr. Ocasio was unmarried at the time of his death. Until this fact is proven through tender of certified copies of a wife's death certificate or a valid divorce decree, the person named in the birth certificate as the purported daughter of Mr. Ocasio has no entitlement to the benefit of Section 222.15, F.S.

Nor has Plaintiff's counsel provided competent evidence that the person whom it represents to be Mr. Ocasio's "daughter" is an *adult* child [4] or that she is the *only* child of

---

[3] The response wholly ignores Defendants' argument that the damages awarded by the Court are not "wages."   There is no need for Defendants' to re-argue a point that has not been rebutted.

[4] Plaintiff's counsel redacted Jeanelys Oquendo Rosado's age from the purported birth certificate.  As such, there  is no proof that she is an adult child capable of benefitting from Section 222.15, F.S. (if it provides a private cause of action or standing).

Mr. Ocasio. The benefit granted in Section 222.15 clearly protects *all children* of a deceased person. It does not designate that one child can benefit over others as Plaintiff's counsel urges the Court to hold. Plaintiff's counsel has submitted no declaration or affidavit from Jeanelys Oquendo Rosado that avers she is an only child. Unless and until Jeanelys Oquendo Rosado appears as a party through an appropriately filed Motion for Substitution under Rule 25 and further inquiry can be made of her status and capability to represent Mr. Ocasio's estate, all that is before the Court is an unsworn assertion by an attorney who no longer has authority to serve as Mr. Ocasio's legal representative.

Additionally, there are evidentiary issues concerning the purported birth certificate. First, it is difficult to determine if the birth certificate contains a seal or *is a certified copy*, as required by the Rule 902(3). Second, the purported birth certificate was submitted in Spanish without an official translation. See Oliveira v. U.S., 2017 U.S. Dist. LEXIS 110575 (S.D. Fla. 2017) and cases cited therein. Thus, the Court hardly is in a position to find that Jeanelys Oquendo Rosado is an "heir" much less one who is entitled to claim the benefit of Section 222.15, F.S.

In sum,

- The Court's order granting the Motion to Enforce was entered after Mr. Ocasio's death.
- Mr. Ocasio's death meant there no longer was a party who could be afforded relief, thereby extinguishing the case or controversy before the Court.

- Plaintiff's counsel's authority to represent Mr. Ocasio ended upon his death and it has not shown its legal authority to represent a duly appointed representative of Mr. Ocasio's estate.

- No duly authorized representative of Mr. Ocasio's estate or interests has appeared in this Court by filing a Suggestion of Death and Motion for Substitution under Rule 25 as a means to maintain a case or controversy before this Court.

- Section 222.15 F.S. cannot be used to sidestep Rule 25.

- Even if Section 222.15, F.S. provided a private cause of action or standing (which it does not), it is inapplicable because the contract damages awarded by the Court are not "wages" due at the time of death of Mr. Ocasio's death.

- And, even if the damages were "wages", Plaintiff's counsel has not established through competent evidence that the benefits of Section 222.15, F.S. accrue to Jeanelys Quendo Rosado.

<u>Plaintiff's counsel's Failure to Disclose the Last Known Address of
Jeanelys Oquendo Rosado</u>

Plaintiff's counsel's response does not address Defendants' request that the Court ***order*** it to provide the identity and last known address of Mr. Ocasio's next of kin. Plaintiff's counsel's response does not deny that it has possession or access to such information. Certainly if Plaintiff's counsel was able to obtain a copy of a birth certificate for Mr. Ocasio's purported daughter, then it has information about possible heirs.

Rule 25 provides that a Suggestion of Death does not become effective until it is served on a person who has an interest in continuing the action. The time for dismissal

of the action begins to run from that date of service.  It appears Plaintiff's counsel may be intentionally withholding information about the identity of possible heirs to stall dismissal. The Court should compel Plaintiff's counsel forthwith to file a notice stating the identity and last known address of any possible heirs so that Defendants can perfect the Suggestion of Death and the time for dismissal begins to run.

WHEREFORE, Defendants respectfully request the Court to enter an order granting its Motion for Relief under Rule 60(b) by vacating its order enforcing the settlement agreement, striking Plaintiff's counsel's Suggestion of Death; ordering Plaintiff's counsel forthwith to file a notice stating the identity and last known address of any possible heirs and providing such other relief as the Court deems just and proper.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647
Email: langbeinpa@bellsouth.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 4/6/18 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served the document this day on all counsel of record identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF

By:   Leslie W. Langbein, Esq.
Leslie W. Langbein, Esq.
Fla. Bar No. 305391

SERVICE LIST

J. H. Zidell, Esq.
Rivkah Jaff, Esq..
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiff
Email: zabogado@aol.com