UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21797-CIV-MARTINEZ/GOODMAN

[MOTION REFERRED TO MAGISTRATE GOODMAN]

JOSE OQUENDO OCASIO and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                                                                   )
                    Plaintiff, )
  vs. )
                                                                               )
FOODS OF SOUTH FLORIDA, INC. d/b/a )
MR. MIKE'S GROCERY STORE, )
CAROLINA KATTOURA, )
MICHAEL KATTOURA, )
                                                                               )
                  Defendants. )
                                                                               )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' AMENDED VERIFIED COMBINED MOTIONS TO
STRIKE [DE 101], FOR PROTECTIVE RELIEF, TO STAY ALL
PROCEEDINGS PENDING COMPLIANCE WITH RULE 25,
AND FOR AN AWARD OF SANCTIONS**

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby files this Opposition to [DE 103] as follows:

1. As indicated by Plaintiff's Amended Notice of Intent [DE 107], the pleadings required to open a new estate have been e-filed, and it is Plaintiff's intent to have Plaintiff's daughter's (Jeanelys Oquendo Rosado) appointed the Personal Representative of Plaintiff's Estate. The probate case has been assigned the following case number 2018-001909-CP-02 (01). Therefore, to the extent this Court finds that an estate is necessary, arrangements are being made regarding same, to effectuate any required substitution,

1

within the (90) day window from when the notice of death was filed on 3/19/18. *See* Rule 1.260(a) of the Florida Rules of Civil Procedure.

2. This Court in [DE 91] approved the Magistrate's Report and Recommendation, and awarded $19,000 in favor of Plaintiff against FOODS OF SOUTH FLORIDA, INC. d/b/a MR. MIKE'S GROCERY STORE, CAROLINA KATTOURA, and MICHAEL KATTOURA, jointly and severally. [DE 91] also allows interest to accrue on the lesser amount of $18,500, and such order reserved jurisdiction for Plaintiff's fees and costs.

3. As indicated by the docket, the Plaintiff is now deceased. Plaintiff filed a suggestion of death on 3/19/2018, and Defendants filed a suggestion on death on 3/22/2018.

4. In [DE 96], Plaintiff seeks to compel payment of the $19,000, the respective interest on the amount of $18,500, and also for the Court to find that any fees and costs that are awarded, must similarly be paid.

5. In [DE 95], defense Counsel moved to vacate the Order Adopting the R&R (concerning default, enforcement of the settlement agreement and attorneys' fees) [DE 91], and to strike the suggestion of death and notice of intent to substitute the estate (if necessary). [DE Nos. 92 and 93]. Defendants then filed their own suggestion of death [DE 94].[1]

6. Plaintiff has filed a redacted copy of the Plaintiff's daughter's (Jeanelys Oquendo Rosado's) birth certificate, listing the deceased Plaintiff as her father, attached to the reply to the response to [DE 96]. Should the Court need an unredacted copy, one can be provided to chambers.

---

[1] As indicated by the e-mail attached to [DE 96], the undersigned Firm conferred with defense Counsel Leslie Langbein, Esq. to coordinate a collections deposition *duces tecum* in aid of execution. On 3/19/18, defense Counsel responded that she was moving to withdraw. Thereafter, she began filing pleadings attacking the relief sought in [DE 96].

7. Attached to Plaintiff's separately filed Reply on 4/4/16, is a redacted copy of the Plaintiff's daughter's (Jeanelys Oquendo Rosado's) birth certificate, listing the deceased Plaintiff as her father.  Should the Court need an unredacted copy, one can be provided to chambers.  Plaintiff also refers to the Settlement Agreement filed in this matter as [DE 43-1], which expressly states in part on Page 1 that the agreement is between Defendant including their "heirs" etc., and "JOSE OQUENDO OCASIO, **including his heirs, representatives, attorneys, successors, and assigns**…."  Consequently, as a contractual matter, Defendants agreed that the settlement (approved by the Court) included the Parties' "heirs" etc.  Based on same, this Court should find Plaintiffs' "attorneys" are authorized to move forward, and that the settlement rights should inure to the benefit of Plaintiff's daughter (without the need of setting up an estate).

8. Since Plaintiff's heirs (i.e. his daughter) was an interested third party by the contract's clear terms, it stands to reason that she has standing to enforce it without invoking probate procedures.

9. Under [DE 91], on 4/10/18 Plaintiff filed a verified motion for attorneys' fees. Defendants' Motion [DE 103], seeks to strike the fee motion with prejudice (or alternatively for an enlargement to respond).

10. Defendants' Motion [DE 103] at Page 5 admits that the undersigned Firm made it clear it intended to go forward with a collections deposition on 4/23/18  The collections deposition is needed to seek payment of the said award in [DE 91].  Plaintiff thus had to take a certificate of non-appearance, and Defendants' Motion at issue seeking protective relief make it clear Defendants will not appear for such deposition, absent a Court order.

11. Defendants' Motion [DE 103] also seeks sanctions, and to stay this matter until Rule 25 is complied with and to find the 90 day period is calculated from 1/26/18 when the undersigned Firm met with Plaintiff's next of kin (or to alternatively require the undersigned Firm to provide the names and addresses of Plaintiff's next of kin).

12. Defendants' Motion should be denied as follows.

## MEMORANDUM OF LAW AND ARGUMENT

In the case of *Rodriguez v. Diego's Restaurant*, 07-21575 (S.D. Fla. 2007), the Plaintiff died during collections proceedings, and counsel for that deceased plaintiff explained that the total settlement amount agreed to in the Settlement Agreement was for the amount of Thirty Thousand Dollars and No Cents ($30,000.00). Of the settlement amount, the Court approved that Plaintiff would receive Twelve Thousand Dollars and No Cents ($12,000.00) for Plaintiff's overtime wages, and Plaintiff's Counsel would receive Eighteen Thousand Dollars and No Cents ($18,000.00) representing attorneys' fees and costs.  As reflected by the docket in *Diego Restaurant*, no motion to substitute an estate was filed under Rule 25 of the Federal Rules of Civil Procedure, but nevertheless this Court ordered disbursement of the settlement funds.  *See* order [DE 74] from *Diego Restaurant*, attached Plaintiff's Response in Opposition to Defendants' Verified Motion for Relief of Order, filed 4/4/14.

In *Diego Restaurant*, counsel for Plaintiff argued that Florida Statutes §222.15 and §222.16 states as follows:

> It is lawful for any employer, in case of the death of an employee, to pay to the wife or husband, and in case there is no wife or husband, then to the child or children, provided the child or children are over the age of 18 years, and in case there is no child or children, then to the father or mother, **any wages** or travel expenses that may be due such employee at the time of his or her death…

4

> Any wages, travel expenses, or reemployment assistance or unemployment compensation payments so paid under the authority of s. 222.15 shall not be considered as assets of the estate and subject to administration; provided, however, that the travel expenses so exempted from administration shall not exceed the sum of $300. (Emphasis added).

Fla. Stat. Ann. § 222.15 and § 222.16.

In the case at bar, this Court has already awarded $19,000 in favor of Plaintiff against FOODS OF SOUTH FLORIDA, INC. d/b/a MR. MIKE'S GROCERY STORE, CAROLINA KATTOURA, and MICHAEL KATTOURA, jointly and severally. [DE 91] also allows interest to accrue on the lesser amount of $18,500, and reserved jurisdiction for Plaintiff's fees and costs. With respect to Florida Statute §222.15 and the language "wages", this Court should find that the award in [DE 91] includes wages along with the associated liquidated damages, fees and costs. Plaintiff also refers to *Daigle v. Angeline Enterprises, Inc*., 2015 WL 7271746, *1 (M.D. Fla. 2015), which makes it clear that FLSA claims survive the employee's death. Thus, Plaintiff's claims were not extinguished upon his death. *Diego's Restaurant* and *Daigle* did not involve Rule 25 of the Federal Rules of Civil Procedure, yet this Court in *Diego's Restaurant* (see attached order [DE 74]) ordered disbursement of the funds, and *Daigle* approved the settlement.

In *Daigle*, the court discussed the wages in the amount of $948.27, the liquidated damages in the amount of $948.27, and also the fees and costs in the amount of $3,103.46. *Id*. at *2. Very importantly to the case at bar, is that *Daigle* discussed Florida Statute §222.16 and approved the entire settlement (that included wages, liquidated damages, fees and costs). Therefore, in the case at bar, this Court should similarly, without requiring substitution of an estate under Rule 25 of the Federal Rules of Civil Procedure, find that this Court's award in [DE 91] (including the fees and costs that the undersigned Firm will be seeking) are "wages" under Florida Statutes §222.16.

5

In addition, analogously it has been held that "[t]he Court is not aware of nor has Pramco provided any authority for the Court to grant substitution of parties more than three years after entry of final judgment in this matter[2], and where that judgment was entered during the deceased party's lifetime. Indeed, Rule 25 provides substitution within a required time and dismissal of the deceased party if substitution is not made within that time. *See* Fed.R.Civ.P. 25(a)(1).[1] Clearly a party cannot be dismissed from an action where a final judgment was entered in the party's lifetime. As such, the relief Pramco seeks is without basis in law and must be denied." *Pramco II, LLC v. Cheyenne Water Serv., Inc.*, CIV. 2003-2, 2008 WL 3200778, at *4 (D.V.I. Aug. 1, 2008). In the case at bar, on 3/10/16 [DE 44], this Court approved the settlement agreement, before the Plaintiff was deceased. The instant proceedings merely involve resolution of Defendants' breaches regarding a settlement agreement that was approved by a final order of this Court. This matter was already dismissed, and the only reason this issue is before the Court, is because jurisdiction has been reserved to enforce a settlement approved by a final order. Thus, this Court should find that substitution is not necessary, and also that attorneys' fees and costs can be awarded as approved by [DE 44]. Any damages owed to Plaintiff due to Defendants' breach flowed from the settlement agreement that was approved by a final order which dismissed this action [DE 44]—in which case Plaintiff's heirs should receive any such proceeds (that would otherwise be due to the Plaintiff) under the rules of succession pursuant to applicable probate law.

---

[2]In this case, the Plaintiff died on died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to comply with the Court's directives. The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18.

6

Any damages owed to Plaintiff[3] due to Defendants' breach flowed from the settlement agreement that was approved by a final order which dismiss this action [DE 44]—in which case Plaintiff's heirs should receive any such proceeds (that would otherwise be due to the Plaintiff) under the rules of succession pursuant to applicable probate law. The Plaintiff died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to comply with the Court's directives. The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18. Such is important as this matter has been concluded. Plaintiff is no longer needed to prosecute this matter, he will not need to be deposed, not need to attend trial etc. Such highlights why Defendants' motion for protective order under Rule 25(c) should be denied, as good cause has not been shown by Defendants. Unlike Plaintiff, Defendants' continued involvement in this matter is needed for collections purposes. The collections deposition has nothing to do with attempts to annoy, embarrass, or oppress Defendants.

Defendants continue to raise unjustified arguments to avoid their obligations under the settlement agreement. For example, in [DE 97] pages 4 and 7 attack the merits of the case (by referencing the complaint and the issue of "prevailing party"), however the Plaintiff is not needed to further prosecute this case. The settlement was approved and the case dismissed when the Plaintiff was alive. Even the Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died.[4] In [DE 95], Defendants cited *In re:*

---

[3] And Plaintiff's daughter who is named in the Agreement as she is Plaintiff's heir.
[4] In this case, the Plaintiff died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to

*Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig*, and argue under Rule 25 of the Federal Rules of Civil Procedure, the undersigned had not authority to act. However, in that case,[5] the Court in its ruling stated that "The Defendant Estate … is directed to file its Answers to the Plaintiffs' Amended Complaints in these proceedings within **FIFTEEN (15) DAYS** from the date of entry of this order." *In re: Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 08-80421-CIV, 2017 WL 5308031, at *10 (S.D. Fla. July 5, 2017). Consequently, that case was still pending at the early stages of the litigation. In the case at bar, the Court already entered an order approving settlement and dismissal. Similarly, *Tatum v. City of Americus*, 1:09-CV-56 WLS, 2013 WL 5890201, at *2 (M.D. Ga. Nov. 1, 2013) concerned a Section 1983 action that the estate sought to prosecute. Defendants in [DE 95] also cited *Schmidt*, which stated that "Rule 25(a) is not meant to be used as a procedural mechanism to "bar ... otherwise meritorious actions."[ ] Instead, its driving purpose is to ensure that all those having a legal interest **in the pending suit** are aware of the party's death and are alerted to act to preserve their respective rights." *Schmidt v. Merrill Lynch Tr. Co.*, 507-CV-382-OC-10GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008)(emphasis added). The case at bar does not involve pending FLSA claims. *Schmidt* concerned a fraud claim that the Defendants sought to dismiss. *Schmidt v. Merrill Lynch Tr. Co.*, 507-CV-382-OC-10GRJ, 2008 WL 2694891, at *1 (M.D. Fla. June 30, 2008). In the case at bar, the Court already entered an order approving settlement and dismissal as stated *supra*.

---

comply with the Court's directives. The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18.

[5]Which, unlike this case, did not invoke a settlement agreement that included the plaintiff's daughter as an heir.

With respect to the issue of authority to act,[6] the Court should note that Defendants also filed a suggestion of death [DE 94] on 3/22/18. The effect would be that Plaintiff would get some additional time (Plaintiff filed a suggestion of death [DE 92] on 03/19/18) to seek substitution of the estate concerning the (90) day period under Rule 25 of the Federal Rules of Civil Procedure. Thus, it appears Defendants' Motion [DE 95] and the instant Motion [DE 103], were filed for vexatious purposes.

The Court should reject arguments that Plaintiff's Counsel engaged in sanctionable conduct under 29 U.S.C. Section 1927 regarding allegations of lack of candor, and alleged violations of Rules 4-3.3 and 4-3.4 of the Rules Regulating the Florida Bar. Any damages owed to Plaintiff due to Defendants' breach flowed from the settlement agreement that was approved by a final order which dismissed this action [DE 44]—in which case Plaintiff's heirs should receive any such proceeds (that would otherwise be due to the Plaintiff) under the rules of succession pursuant to applicable probate law. The Plaintiff died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to comply with the Court's directives. The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18. Such is important as this matter has been concluded. Plaintiff is no longer needed to prosecute this matter, he will not need to be deposed, nor be needed to attend trial etc. Defendants in [DE 97] pages 4 and 7 attack the merits of the case (by referencing the complaint and the issue of "prevailing party"), however the Plaintiff is not needed to further prosecute this case. The settlement was approved and the

---

[6]And in spite of Plaintiff's daughter being included in the Settlement Agreement as an "heir[ ]".

case dismissed when the Plaintiff was alive. Even the Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died.[7]

Defendants cite case law such as *In re Pagan*, which found that "attorney Morales Vidal's cumulative behavior in continuing to litigate this matter despite the fact that her client had passed away, and the manner in which she prosecuted the same, including but not limited to failing to inform Debtor or the court of her client's death, is sanctionable under 28 U.S.C. § 1927." *In re Pagan*, 14-08824 (ESL), 2017 WL 405611, at *7 (Bankr. D.P.R. Jan. 30, 2017). However, as stated in the case at bar, Plaintiff is no longer needed to prosecute this matter, he will not need to be deposed, nor be needed to attend trial etc. In the case at bar, a settlement was already approved, and Defendants are attempting to take advantage of Plaintiff's death to avoid their obligations under the settlement agreement. As stated, the Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. The Court should reject Defendants argument that sanctions should be imposed, and that Counsel should be referred to the Court's Peer Review Committee.

A clear distinction Section 1927 and Rule 11 is that rule 11 is designed to afford 21 day safe harbor period to make the appropriate corrections, while §1927 does not provide said safe harbor period. However, the Courts have found other distinct differences between the two rules.

> While many of the same general principles apply to sanctions under Rule 11 and sanctions under §1927, Rule 11 and §1927 are distinct sources of authority. They are aimed at addressing different kinds of misconduct, are different in scope, and are governed by quite different legal standards. See, e.g., *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (noting that Rule 11

---

[7] In this case, the Plaintiff died on died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to comply with the Court's directives. The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18.

> "is aimed primarily at pleadings" and addresses the conduct of both parties and attorneys, while §1927 addresses "dilatory tactics throughout the entire litigation" and is focused solely on attorney conduct); *Chambers v. NASCO, Inc*., 501 U.S. 32, 47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (noting that Rule 11 permits attorney's fees "for conduct which merely fails to meet a reasonableness standard," **in contrast to a court's <u>inherent powers</u>, which require a higher showing**). Rule 11 cases do not dispose of the issues arising under § 1927 (emphasis added).

*Amlong & Amlong, P.A. v. Denny's, Inc*., 500 F.3d 1230, 1241 (11th Cir. Fla. 2006). As noted by the Eleventh Circuit in *Amlong*, the requirement of imposing sanctions pursuant to 28 U.S.C. §1927 requires a higher standard. See *SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312 (S.D. Fla. Nov. 24, 2009) citing *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). However, as cited in *SEC*, "[b]ecause the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (*citing Chambers,* 501 U.S. at 50)." Id at. *13. The Court's inherent power requires a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). *See also, In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995); *Rothenberg v. Sec. Mgmt Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir. 1984).

      The legal authority on whether to tax attorney fees against a non-prevailing plaintiff and his/her counsel in an FLSA context is *Kreager v. Solomon & Flanagan, P.A*., 775 F.2d 1541 (11th Cir. 1985.). According to *Kreager* and *Alyeska Pipeline*, attorney fees may be awarded to a prevailing party if the non-prevailing party conducted the litigation in a bad-faith, vexatious, or oppressive manner. *See Alyeska Pipeline* at 258. This standard has also been applied for ADEA cases as well as the FLSA. *Turlington v. Atlanta Gas Light Company*, 135 F.3d 1428 (11th Cir. 1998).

      In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court stated in a Title VII context that it is important for "a district court [to] resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." There is a definite distinction to be drawn between losing a summary judgment motion and being accused of vexatious litigation. *See also* bad faith analysis in *Monk v. Roadway Express, Inc*., 599 F.2d

1378, 1382-83 (5th Cir. 1979); *Loftus v. Southeastern Pennsylvania Transportation Authority*, 8 Fed.Supp. 2d 458; 1998 U.S. Dist. LEXIS 6650 (E.Dist. Pa. 1998).  Further, a number of courts have cautioned, however, that the power to impose sanctions "should be exercised with restraint, lest the prospect chill the ardor of proper and forceful advocacy on behalf of [the] client."). *See, Lino L. Alphonso v. Pitney Bowes, Inc. and Norm Somme*r, 356 F. Supp. 2d. 442  (Dist. N.J. 2005).

As stated in the case at bar, Plaintiff is no longer needed to prosecute this matter, he will not need to be deposed, nor be needed to attend trial etc.  In the case at bar, a settlement was already approved, and Defendants are attempting to take advantage of Plaintiff's death to avoid their obligations under the settlement agreement, and the fees that accrued were due to Defendants' failure to honor the settlement agreement that was approved prior to Plaintiff's death.  As stated, the Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died.  As set forth above, the Settlement Agreement filed in this matter as [DE 43-1], which expressly states in part on Page 1 that the agreement is between Defendant including their "heirs" etc., and "JOSE OQUENDO OCASIO, <u>including his heirs, representatives, attorneys, successors, and assigns</u>…."  Plaintiff is not needed in any manner to enforce that express provision that Defendants seek to evade.  The undersigned objects to Defendants' vague objections to the billing in the fee motion such as "non-legal" etc., as Defendants have not addressed any specific entries, and have rather sought an enlargement to response to the fee motion in the alternative.

WHEREFORE, the Plaintiff requests the Court deny Defendants' Motion.

**Respectfully submitted,**

**J.H. ZIDELL, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: ZABOGADO@AOL.COM**
**F.B.N. 10121**
**BY:____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**

## **CERTIFICATE OF SERVICE:**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT 5/2/18 VIA CM/ECF TO:**

**ALL CM/ECF RECIPIENTS**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**ATTORNEYS FOR DEFENDANT**
**8181 NW 154 STREET**
**SUITE 105**
**MIAMI LAKES, FLORIDA 33016**

**BY:     /s/ J.H. ZIDELL**
**J.H. ZIDELL, ESQ.**