UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.15-21797-cv-MARTINEZ/GOODMAN

JOSE OQUENDO OCASIO
(deceased),

    Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC.,
and MICHAEL KATTOURA,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S 'UNOPPOSED' MOTION FOR SUBSTITUTION

Defendants, FOODS OF SOUTH FLORIDA, INC. and MICHAEL KATTOURA,, through undersigned counsel and pursuant to Local Rules 7.1(c) respond to the Estate's 'Unopposed" Motion for Substitution and state:

### The Estate's Motion is Not "Unopposed"

Plaintiff's Counsel clearly misunderstood what Defendants meant when they said they had no opposition to a motion **_being filed_** by the Estate seeking substitution.[1] Indeed, Plaintiff's Counsel's position was that the "daughter" of Mr. Ocasio did not need use Rule 25 and had a right to appear before the Court under the authority of Section 222.15, F.S.  Defendants believed the email conferral (which did not specify a basis for seeking substitution) was an attempt to utilize Section 222.15, F.S.   Indeed, the email responding to Plaintiff's Counsel's attempt to confer asked for clarification on this point

---

[1] The intent of the email was to advise Plaintiff's Counsel that the Estate could take whatever action it deemed necessary, not that Defendants agreed to any such motion.

Page **1** of **4**

and asked Plaintiff's Counsel to confirm that **_they_** had been hired by the Estate to represent it **_in this proceeding._**   Those confirmations were not forthcoming.  As far as Defendants are concerned, Plaintiff's Counsel's motion is an unauthorized paper and the Estate's untimely appearance is complicit with Plaintiff's Counsel's studious scheme to avoid the compliance with, and the effect of, Rule 25(a)(1)'s 90 day period before dismissal can be effected.

Defendants re-assert their position that due to Plaintiff's Counsel's concerted effort conceal Mr. Ocasio's death, their intent to thwart and obstruct the orderly process of justice by refusing to recognize Rule 25 and provide opposing counsel with the information necessary to comply with Rule 25, and clear evidence that Mr. Ocasio's next-of-kin's knew on or before 1/26/18 of their obligations to comply with Rule 25, that Plaintiff's Counsel and the Estate are judicially estopped from seeking relief under Rule 25 and this matter should be dismissed.   Defendants' Rule 60(b) Motion for Relief of Judgment, their Motion to Strike and for Sanctions still remain for the Court's determination.

Memorandum of Law

Plaintiff's Counsel is well familiar with the law of judicial estoppel.  They have appealed a decision of this District to the 11th Circuit Court Appeals enforcing judicial estoppel against a client who "wanted to have it both ways."  See, *Silva v. Pro Transport, Inc.*, 2017 U.S. Dist. LEXIS 75769 (S.D. Fla. 2017).

That is precisely what Plaintiff's Counsel and the Estate attempt to do here.  They did not want to comply with Rule 25 -- indeed, Plaintiff's Counsel specifically disavowed Rule 25-- yet now they want to avail themselves of the benefits of the same rule.  This is

a mockery of the judicial system. *Slater v. United States Steel Corporation*, 871 F. 3d 1174 (11th Cir. 2017). The equitable doctrine of judicial estoppel is intended to protect courts against parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment." *Id.* Given Plaintiff's Counsel and the next of kin's prior disregard for Rule 25 and intent to manipulate the judicial process by concealing the death of Mr. Ocasio, they should suffer the consequences of judicial estoppel as a sanction and this case should be dismissed.

WHEREFORE, Defendants respectfully request that the Court deny the Motion for Substitution, and provide such other relief as has been previously requested by Defendants.

>Respectfully Submitted,
>
>LANGBEIN & LANGBEIN, P.A.
>Counsel for the Defendants
>8181 NW 154th Street, Suite 105
>Miami Lakes, FL 33016
>Tel: (305) 556-3663
>Fax: (305) 556-3647
>Email: langbeinpa@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 5/15/18 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served the document this day on all counsel of record identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF.

>By:   *Leslie W. Langbein, Esq.*
>         Leslie W. Langbein, Esq.
>         Fla. Bar No. 305391

## SERVICE LIST

J. H. Zidell, Esq.
K. David Kelly, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorneys for the Plaintiff