UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21797-CIV-JEM

| | |
|---|---|
| JOSE OQUENDO OCASIO and all others<br>similarly situated under 29 U.S.C. 216(b),<br><br>       Plaintiff,<br>  vs.<br><br>FOODS OF SOUTH FLORIDA, INC. d/b/a<br>MR. MIKE'S GROCERY STORE,<br>CAROLINA KATTOURA,<br>MICHAEL KATTOURA,<br><br>      Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
UNOPPOSED MOTION FOR SUBSTITUTION OF THE ESTATE OF JOSE OQUENDO
OCASIO AS A PARTY-PLAINTIFF AND REQUEST FOR HEARING**

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby replies to

[DE 112] as follows:

**MEMORANDUM OF LAW AND ARGUMENT**

In the Motion, Plaintiff requests that the Court enter an Order substituting the Estate of

Plaintiff and his personal representative Jeanelys Oquendo-Rosado as the party-Plaintiff in the

instant action. Plaintiff requests a hearing be set during a time that allows at least (30) days to

serve.[1]  Rather than address the substantive issue of whether the Court should grant the Motion

under Rule 25(a)(1) of the Federal Rules of Civil Procedure, defense Counsel Leslie W.

---

[1]A hearing is requested only if the Court determines that one is necessary under the facts of this
case.

1

Langbein, Esq. has chosen to make personal attacks, and raise frivolous, bad faith and vexatious arguments under a judicial estoppel theory.[2]

Under Rule 25(a)(1): "[i]f a party dies and the claim is not thereby extinguished, the court my order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successor or representative."  Defense Counsel demonstrates her unwillingness to confer in a professional manner, by claiming that Defendants only meant "they had no opposition to a motion **being filed** by the Estate seeking substitution."  Thereafter, defense counsel proceeds to raise frivolous, bad faith and vexatious arguments under a judicial estoppel theory.

Defendants reference Plaintiff's previous arguments under the Florida statutes.  For example, in Plaintiff's reply to the motion to compel dated 4/4/18**,** Plaintiff argued that under the Florida Statutes and relevant case law, this Court should similarly, without requiring substitution of an estate under Rule 25 of the Federal Rules of Civil Procedure, find that this Court's award in [DE 91] (including the fees and costs that the undersigned Firm will be seeking) are "wages" under Florida Statutes §222.16.  See, *Daigle v. Angeline Enterprises, Inc*., 2015 WL 7271746, *1 (M.D. Fla. 2015), and *Rodriguez v. Diego's Restaurant*, 07-21575 (S.D. Fla. 2007).  As discussed in more detail in Plaintiff's reply dated 4/4/18, this matter has been concluded, and there is no longer any prosecution needed with respect to Plaintiff's FLSA claim.  Plaintiff is no longer needed to prosecute this matter; he will neither need to be deposed, nor be needed to attend trial etc.  Defendants however, vexatiously cite to *Silva*, where this "Court thus determined that judicial estoppel precluded Silva from pursuing his FLSA claim."  *Silva v. Pro Transp., Inc*., 15-23028-CIV, 2017 WL 2189620, at *1 (S.D. Fla. May 18, 2017).  A review of

---

[2]An argument raised for the first time in this case, in a response to [DE 112], and after defense Counsel did not oppose [DE 112] being filed.

*Silva* demonstrates that such case is not even remotely on point, as it dealt with a plaintiff who, in a bankruptcy petition, failed to disclose that he had an FLSA claim.

Defense Counsel also recklessly cites to the *Slater* case, and makes the baseless and frivolous accusation that Plaintiff's Rule 25 motion is a mockery of the judicial system.  See,  *Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017).  Judicial estoppel "is applied to the calculated assertion of divergent sworn positions ... and is designed to prevent parties from making a mockery of justice by inconsistent pleadings. *American Nat. Bank v. Federal Dep. Ins. Corp.,* 710 F.2d 1528, 1536 (11th Cir.1983)."  *Dockery v. N. Shore Med. Ctr.,* 909 F. Supp. 1550, 1558 (S.D. Fla. 1995).  Defense Counsel has not demonstrated any such divergent sworn positions, and has presented a patently frivolous, baseless and vexatious argument.

Plaintiff has raised arguments under Florida Statutes §222.15 and §222.16, as it appears under the facts of this case that there is solid basis to proceed without an estate, and Plaintiff intended to do so, in hopes of preserving judicial economy.  However, Rule 25 has a (90) day deadline, and defense Counsel continues to tenaciously oppose all relief in this matter, and therefore, the undersigned wants to ensure all cautionary steps are taken to preserve Plaintiff's rights to collect.[3]  Defendants have access to the docket of the probate matter (132018CP001909000002) that was opened by probate Counsel, and instead of attempting to point out how the estate or Rule 25 is somehow deficient procedurally, defense Counsel raises a

---

[3]More importantly, now that an estate has been opened and a personal representative appointed, the Court's review of this matter should be limited to granting substitution of a party under Rule 25—and <u>not</u> the barrage of ancillary pleadings filed by defense Counsel.

3

frivolous judicial estoppel argument, citing inapplicable bankruptcy related cases that are completely not on point.[4]

As Plaintiff discussed previously regarding the *Pramco II, LLC* case: a party "cannot be dismissed from an action where a final judgment was entered in the party's lifetime. As such, the relief Pramco seeks is without basis in law and must be denied." *Pramco II, LLC v. Cheyenne Water Serv., Inc.*, CIV. 2003-2, 2008 WL 3200778, at *4 (D.V.I. Aug. 1, 2008). In the case at bar, on 3/10/16 [DE 44], this Court approved the settlement agreement, before the Plaintiff was deceased. The instant proceedings merely involve resolution of Defendants' breaches regarding a settlement agreement that was approved by a final order of this Court. This matter was already dismissed, and the only reason this issue is before the Court, is because Defendants breached the approved settlement agreement, and jurisdiction has been reserved to enforce a settlement approved by a final order. Thus, this Court should find that substitution is not necessary,[5] and also that attorneys' fees and costs be awarded as approved by [DE 44]. The settlement was approved and the case dismissed when the Plaintiff was alive. Even the Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died.[6]

---

[4]Plaintiff also refers to the Settlement Agreement filed in this matter as [DE 43-1], which expressly states in part on Page 1 that the agreement is between Defendant including their "heirs" etc., and "JOSE OQUENDO OCASIO, **including his heirs, representatives, attorneys, successors, and assigns**…." Consequently, as a contractual matter, Defendants agreed that the settlement (approved by the Court) included the Parties' "heirs" etc. Based on same, this Court should find Plaintiffs' "attorneys" are authorized to move forward, and that the settlement rights should inure to the benefit of Plaintiff's daughter (without the need of setting up an estate). Since Plaintiff's heirs (i.e. his daughter) was an interested third party by the contract's clear terms, it stands to reason that she has standing to enforce it without invoking probate procedures. Plaintiff files the instant Motion in an abundance of caution and in an attempt to conserve Judicial resources as it relates to the pending Motions.

[5]Or simply substitute the estate under Rule 25, now that an estate has been opened.

[6]In this case, the Plaintiff died on died on 11/22/17. *See*, [DE 94]. The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to

The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died.[7]  However, Rule 25 has a (90) day deadline, and defense Counsel continues to tenaciously oppose all relief in this matter, and therefore the undersigned wants to ensure all cautionary steps are taken to preserve Plaintiff's rights to collect—that is why Plaintiff has filed the Motion at issue.[8]  Judicial estoppel "is applied to the calculated assertion of divergent sworn positions ... and is designed to prevent parties from making a mockery of justice by inconsistent pleadings. *American Nat. Bank v. Federal Dep. Ins. Corp.,* 710 F.2d 1528, 1536 (11th Cir.1983)."  *Dockery v. N. Shore Med. Ctr.,* 909 F. Supp. 1550, 1558 (S.D. Fla. 1995).  Defense Counsel has not demonstrated any such divergent sworn positions, and has presented a patently frivolous, baseless and vexatious argument.

   **WHEREFORE**, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ENTER AN ORDER SUBSTITUTING THE ESTATE OF PLAINTIFF AND HIS PERSONAL REPRESENTATIVE JEANELYS OQUENDO-ROSADO AS THE PARTY-PLAINTIFF IN THE INSTANT ACTION. PLAINTIFF REQUESTS A HEARING BE SET DURING A TIME THAT ALLOWS AT LEAST (30) DAYS TO SERVE.

---

comply with the Court's directives.  The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18.

[7]In this case, the Plaintiff died on 11/22/17.  *See*, [DE 94].  The Default Motion was initially fully briefed, and argument was heard on 8/7/17 [DE 78], months before Plaintiff died. Thereafter, the undersigned Firm filed an amended Default Motion [DE 81] on 8/21/17 to comply with the Court's directives.  The R&R was later entered on 1/31/18 [DE 87], and the Order Adopting the R&R [DE 91] on 3/15/18.

[8]And to greatly conserve judicial resources in deciding all pending motions in this case.

Respectfully submitted,

**J.H. ZIDELL, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: ZABOGADO@AOL.COM**
**F.B.N. 10121**
**BY:____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**

## <u>CERTIFICATE OF SERVICE</u>:

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT 5/17/18 VIA CM/ECF TO:**

**ALL CM/ECF RECIPIENTS**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**ATTORNEYS FOR DEFENDANT**
**8181 NW 154 STREET**
**SUITE 105**
**MIAMI LAKES,FLORIDA 33016**

**BY:_____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**