UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.15-21797-cv-MARTINEZ/GOODMAN

JOSE OQUENDO OCASIO
(deceased),

      Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC.,
and MICHAEL KATTOURA,

      Defendants.

_____/

### DEFENDANTS' VERIFIED COMBINED RESPONSE to, and Incorporated MOTION TO STRIKE [DE 115] and FOR IMPOSITION OF SANCTIONS

Defendants, FOODS OF SOUTH FLORIDA, INC. and MICHAEL KATTOURA, [1] through undersigned counsel and pursuant to Local Rules 7.1(a) and 7.3, respond to, and move the Court to strike [DE 115] ("the Motion") and for an award of sanctions pursuant to the Court's inherent authority or 28 U.S.C. §1927 for Plaintiff's counsel's continued vexatious filing of papers and motions which have multiplied the proceedings and its continued interference with the orderly administration of justice.  In support of the relief sought, Defendants state:

### Incorporation of Prior Motion [DE 103]

The sequence of events following Mr. Ocasio's undisclosed death is recited in Defendants' Amended Verified Motion to Strike, to Stay all Proceedings and for Imposition

_____

[1]    Plaintiff's counsel still refuses to acknowledge that it dismissed Carolina Kattoura from this case with prejudice on 3/9/16 and continues to seek fees against her.

of Sanctions [DE 103].  [2]   Despite that Plaintiff's counsel lost its authority to act on behalf of Mr. Ocasio upon his death on 11/22/17 and nothing on the docket indicates its authority to act on behalf of Mr. Ocasio's estate, it continues to file unauthorized papers and motions in this case.    See, FN 1, *Navin v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. 160662 (D. Conn. 2017) [attorney-client relationship with deceased client does not transfer to estate; former attorney not authorized to file pleadings and papers on behalf of estate ]. [3]

The Motion and its accompanying fee ledger illustrate that Plaintiff's counsel continues to place self-interest ahead of its duties to the Court and its obligations to comply with rules, procedures and ethical protocols.   Indeed, the accompanying fee ledger shows that Plaintiff's counsel is so eager to enhance a fee claim that it has included time spent in relation to opening a state court probate proceeding --- handled by another lawyer !  [4]  Its attempt to link this time to an FLSA claim based on *DiFrancesco v. Home*

---

[2]     Defendants incorporate by reference the arguments and citations contained in [DE 103].

[3]     As an adjunct to this principle, the attorney for a deceased client is not  authorized to accept service under Rule 25 on behalf of the personal representative. *Jing v. Angel Tips, Inc.*, 2013 U.S. Dist. LEXIS 33435 (E.D.N.Y. 2013).

[4]     The vast majority of entries on the fee ledger and claimed fees relate to the commencement of a probate case that Plaintiff's counsel apparently referred to another lawyer.  See, e.g., the entries for 4/9/18, 4/17/18, 4/18/18, 4/19/19, 4/23/18, 4/24/18, 4/26/18; 4/27/18, 5/1/18, 5/8/18, 5/10/18, and 5/11/18.   Other entries are related to a draft Motion for Sanctions which Plaintiff's counsel intended to file against defense counsel but never did.  Entries also demonstrate duplicative work, double billing, excessive time, non-legal work and vague entries.  Defendants respectfully request that if their incorporated Motion to Strike is denied, they be allowed to contest Plaintiff's counsel's attorney's fees claim entry by entry to show its unreasonable nature.

*Furniture Liquidators, Inc.*, 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009) can only be characterized as frivolous.

The Motion also represents an affront to this Court.  Plaintiff's counsel's has yet to acknowledge its lack of candor to the Court and opposing counsel and its manipulation of the judicial process through the concealment of Mr. Ocasio's death and its previous dismissal of Mrs. Kattoura.  And, Plaintiff's counsel *__still__* continues to shun the legions of cases holding that an attorney has an affirmative obligation to discontinue further representation upon the death of its client.    Yet despite its impudent conduct, Plaintiff's counsel has the audacity to seek more attorney's fees from this Court.

Based on the arguments made and the cases cited in [DE 103], the only award of attorney's fees that should be made in this case is one in favor of Defendants as sanctions.  Clearly, Plaintiff's counsel's request for fees is entirely without color (because it ceased to represent *__any one in this case__* on 11/22/17) and its actions since that date have all been taken in bad faith.

In view of the foregoing, Defendants respectfully request the Court deny Plaintiff's counsel's Supplemental Motion for an Award of Attorney's Fees; grant Defendants' Motion to Strike Plaintiff's counsel's Supplemental Motion for Attorney's Fees; and grant Defendants' their attorney's fees as a sanction for having to respond to another unauthorized motion.

WHEREFORE, Defendants respectfully request that the Court grant the relief sought above and provide such other relief as the Court deems just and proper.

MY SIGNATURE BELOW CONSTITUTES A VERIFICATION THAT THE FACTS STATED IN THIS MOTION ARE TRUE AND CORRECT TO THE BEST OF MY

KNOWLEDGE AND BELIEF.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647
Email: langbeinpa@bellsouth.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 6/5/18 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served the document this day on all counsel of record identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF.

By:  Leslie W. Langbein, Esq.
Leslie W. Langbein, Esq.
Fla. Bar No. 305391

SERVICE LIST

J. H. Zidell, Esq.
K. David Kelly, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorneys for the Plaintiff