UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-21797-CIV-MARTINEZ/GOODMAN

JEANELYS OQUENDO-ROSADO,
*as Personal Representative of the*
*Estate of Plaintiff Jose Oquendo Ocasio*,

    Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC., et al.

    Defendants.

_____/

## OMNIBUS ORDER DENYING SANCTIONS MOTIONS

This omnibus order resolves three sanctions motions.

First, on January 10, 2017, Plaintiff Jose Oquendo Ocasio, who passed away in November 2017, filed a motion for sanctions under 19 U.S.C. § 1927 against both Defendants and their counsel. [ECF No. 58]. Defendants filed a verified opposition response [ECF No. 61], and Ocasio filed a reply [ECF No. 62]. United States District Judge Jose E. Martinez referred the § 1927 motion to the Undersigned. [ECF No. 59].

Second, on January 27, 2017, Ocasio filed a motion for sanctions under Federal Rule of Civil Procedure 11 against both Defendants and their counsel. [ECF No. 63]. Defendants filed a verified opposition response [ECF No. 65], and Ocasio filed a reply [ECF No. 66]. Judge Martinez referred the Rule 11 motion to the Undersigned. [ECF

No. 64].

Third, in July 2017, Ocasio filed a supplemental motion for sanctions under § 1927 against both Defendants and their counsel. [ECF No. 70]. Defendants filed a verified opposition response [ECF No. 72], and Ocasio filed a reply [ECF No. 73]. Judge Martinez referred the supplemental § 1927 motion to the Undersigned. [ECF No. 71].

For the reasons stated below, the Undersigned **denies** the § 1927 motion, the Rule 11 motion, and the supplemental § 1927 motion.[1]

I.   Background

The sanctions motions focus on Defendants' opposition to Ocasio's initial motion to enforce settlement agreement [ECF No. 45], which was rendered moot by a later motion to enforce settlement [ECF No. 81] that the Undersigned later resolved in a report and recommendations that Judge Martinez adopted [ECF Nos. 87; 91]. The Undersigned's report and recommendations outlines, in detail, the facts underlying Defendants' default under the agreement and their opposition to the motion to enforce settlement agreement. [ECF No. 87]. The Undersigned will address only those facts pertinent to this order.

---

[1]   "Even [where] a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction," then the order is treated as not dispositive under Federal Rule of Civil Procedure 72(a). *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995); *see also QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 767, 683 n.2 (S.D. Fla. 2012) (explaining that a magistrate judge has authority to enter a sanctions order, as opposed to a report and recommendations, when sanctions are denied).

Defendants, through attorney Leslie W. Langbein, who first appeared in this case after Defendants had defaulted under the settlement agreement [ECF No. 51], opposed the initial motion to enforce settlement [ECF No. 52]. While not disputing the basic facts establishing the default (i.e., a bounced check and late payments), Defendants challenged the propriety of an additional $500 fee (which the settlement agreement provided was due along with the funds to cure the breach by "providing replacement funds along with an additional $500.00"). [*See* ECF No. 52, pp. 2–5]. Defendants also said, in their opposition response, that "Plaintiff's counsel ha[d] failed to notify the Court that every payment required by the settlement agreement **_has been made_**." [ECF No. 52, p. 2 (emphasis in original)].

Ocasio filed a reply in support of the motion to enforce settlement [ECF No. 53] and then quickly followed it with a sanctions motion under § 1927 [ECF No. 54]. The § 1927 motion raised two grounds: (1) Defendants' opposition to the motion to enforce settlement based on the penalty clause was "vexatious" and (2) Defendants' counsel "recklessly accuses and misrepresents that Plaintiff's counsel failed to notify the Court of receipt of additional settlement payments in spite of the filing of [DE47]." [ECF No. 54, p. 3]. Docket entry 47 is a notice by Ocasio which informed the Court that Defendants had made certain settlement payments, albeit late. [ECF No. 47].

The Undersigned struck the § 1927 motion for failure to comply with Southern District of Florida Local Rule 7.1's conferral requirement. [ECF No. 57]. The same day,

Defendants filed a notice acknowledging that their opposition response contained a misstatement. [ECF No. 56]. Despite Defendants' concession, Ocasio said in his renewed § 1927 motion that he was not dropping the misstatement as a basis for sanctions. [ECF No. 58, p. 1, n. 1].

Ocasio filed his Rule 11 motion shortly after he filed the § 1927 motion. [ECF No. 63]. The Rule 11 motion is based on the same facts asserted in the § 1927 motion, but the Rule 11 motion was filed later to comply with the rule's 21-day safe-harbor provision. [*See* ECF No. 66, p. 1].

After the § 1927 motion and Rule 11 motion were fully briefed, Ocasio filed three notices, marking each time Defendants missed another settlement payment. [ECF Nos. 67–69]. Ocasio then filed his supplemental § 1927 motion, arguing that, despite the notices, Defendants still refused to withdraw their opposition to the motion to enforce settlement, which "caused unnecessary delay and further evidences Defense Counsel's penchant to continue with her frivolous opposition." [ECF No. 70].

The Undersigned held a telephonic status conference to address the motion to enforce settlement, breach notices, and motions for sanctions. [ECF No. 78]. In a post-hearing administrative order, the Undersigned instructed Defendants to "file evidence of all settlement payments made to Plaintiff, including copies of all canceled checks, and any information concerning any type of payment made under the settlement agreement, whether negotiated or not." [ECF No. 79, p. 1]. The Undersigned then

instructed Ocasio to withdraw his motion to enforce settlement and file a new omnibus motion that encompassed the updated information. [ECF No. 79, p. 1].

Defendants did not file the required evidence. Instead, they filed a response stating that "they only owe $3000.00 towards the settlement sum because they delivered a money order in the amount of $1000.00 to Plaintiff's counsel as a partial payment of the February installment." [ECF No. 80, p. 1]. But because Defendants were unable to prove that they had delivered the money order, they would "concede to entry of a judgment against them in the amount of $4000.00." [ECF No. 80, p. 2].

Ocasio filed his renewed motion to enforce settlement. [ECF No. 81]. Defendants filed no opposition response. Given the lack of opposition and Defendants' concession that they had failed to make two installment payments under the settlement agreement, the Undersigned recommended that the district court grant the renewed motion to enforce settlement. [ECF No. 87]. The Undersigned also noted that I would not address the propriety of the $500 fee in the settlement agreement because Defendants' later defaults mooted the issue. [ECF No. 87, p. 11]. Judge Martinez adopted the recommendation over Defendants' objections on March 15, 2018. [ECF Nos. 89–91].

A few days later, the parties filed suggestions of death, informing the Court that Ocasio had died on November 22, 2017. [ECF Nos. 92–95]. That development sparked another round of vitriolic missives and counter-missives from the parties' respective counsel. Defendants' counsel filed a verified motion to vacate the order enforcing

5

settlement, arguing that Ocasio's death voided the order enforcing settlement and had removed any authority from Ocasio's counsel to act on their deceased former client's behalf. [ECF No. 95]. Ocasio's counsel, in turn, filed a motion to enforce judgment and payment under settlement agreement. [ECF No. 96]. Ocasio's counsel then filed a motion for attorney's fees and costs [ECF No. 101], and defense counsel responded with a motion to strike the motion for attorneys' fees, to stay the case, and for sanctions, accusing Ocasio's counsel of lacking candor with the Court by not disclosing their former client's death. [ECF No. 103].

Judge Martinez referred the new batch of motions to the Undersigned. [ECF No. 105]. Following several other submissions, including a supplemental motion for attorneys' fees [ECF No. 115] and a motion to strike the supplemental motion for attorneys' fees and for sanctions [ECF No. 117], the Undersigned held a status conference [ECF No. 122] and entered an order substituting the personal representative of Ocasio's estate, Jeanelys Oquendo-Rosado, his daughter, for Ocasio, the former Plaintiff. [ECF No. 131].

Oquendo-Rosado filed an affidavit, ratifying the filings that post-dated her late father's death. [ECF No. 125]. Because of the substitution and ratification, the Undersigned denied as moot the motion to vacate the order adopting the Undersigned's report and recommendations enforcing the parties' settlement, as well as the motion to compel payment and to enforce judgment. [ECF No. 132, p. 1]. The Undersigned also

denied as moot both the amended motion to strike the motion for attorney's fees [ECF No. 103] and the supplemental motion to strike the supplemental motion for attorney's fees [ECF No. 117] because the Undersigned simultaneously struck, without prejudice, both the motion for attorney's fees [ECF No. 101] and the supplemental motion for attorney's fees [ECF No. 115] for failure to comply with Local Rule 7.3. [ECF No. 132, p. 2].

The Undersigned noted that, not only had the parties failed to meet and confer, but that "the record shows a *complete* lack of cooperation of any kind between the attorneys in this case, whose interactions have been, to put it very mildly, contentious." [ECF No. 132, p. 3 (emphasis in original)].

Oquendo-Rosado, the Plaintiff-of-record now, filed a renewed verified motion for attorney's fees and costs, asking for $65,451. [ECF No. 133]. Judge Martinez referred the motion to the Undersigned [ECF No. 134], and the parties have fully briefed the motion [ECF Nos. 135–36].[2]

## II.   Legal Standards and Analysis

Federal courts derive their power to sanction any attorney, law firm, or party

---

[2]   The Undersigned will issue a report and recommendations on the renewed verified motion for attorney's fees and costs sooner, rather than later. The Undersigned encourages the attorneys to set aside their differences and work together to mutually resolve their fee disputes. The Undersigned has already reviewed the fee submissions, and I am not inclined to award nearly as much as Plaintiff wants or nearly as little as Defendants want. The parties would be best served by controlling their own financial destiny.

from three primary sources: Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the inherent power of the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991). Each source sanctions different conduct and wrongdoers. Ocasio invoked § 1927 and Rule 11.

Rule 11 governs any pleading, written motion, or other paper filed with the court, and applies equally to attorneys, law firms, and parties. Fed. R. Civ. P. 11(b). Rule 11 provides that a party may file a motion for sanctions alleging that an opposing party's claims are objectively frivolous. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). Rule 11(c)(2) requires the moving party to first serve the motion for sanctions on the alleged violator and then wait 21 days before filing the motion with the court; this allows "an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." *Peer*, 606 F.3d at 1315. The determination of whether a party or attorney has violated Rule 11(b) rests within the discretion of the district court. *Thompson v. RelationServe Media Inc.*, 610 F.3d 628, 637 (11th Cir. 2010).

Section 1927 sanctions, on the other hand, cover more misconduct than Rule 11 and require a higher showing, though the scope of sanctionable conduct often overlaps, and apply only to attorneys. *See Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (noting that Rule 11 "is aimed primarily at pleadings" and addresses the conduct of both parties and attorneys, while § 1927 addresses "dilatory tactics throughout the entire litigation" and is focused solely on attorney conduct); *see also Chambers v. NASCO*,

*Inc.*, 501 U.S. 32, 47 (1991) (noting that Rule 11 permits attorney's fees "for conduct which merely fails to meet a reasonableness standard," in contrast to a court's inherent powers, which require a higher showing before imposing sanctions).

The court's "authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). Section 1927's purpose is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. *Roadway Express v. Piper*, 447 U.S. 752, 762 (1980). Thus, to impose sanctions under this statute: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the amount of the sanction must bear a "financial nexus to the excess proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

## III. Analysis

The Undersigned's denial of the § 1927 motion, the Rule 11 motion, and the supplemental § 1927 motion is best summarized by Mercutio's dying declaration in Shakespeare's *Romeo and Juliet*: "A plague o' both your houses!"[3] Defense counsel has unnecessarily adopted a scorched-earth, no-holds-barred strategy to what is, at bottom, a routine Fair Labor Standards Act case that ended in a settlement that Defendants

---

[3] WILLIAM SHAKESPEARE, ROMEO AND JULIET, act 3, sc. 1.

breached and that the Court enforced. This failure to timely and fully pay an FLSA settlement is not an unheard-of scenario that should warrant the venomous and voluminous submissions that the Undersigned has had the unenviable task of addressing.

Plaintiff's counsel, however, has also adopted a similar gloves-off, take-no-prisoners approach. Many problems could have been avoided through proper meet-and-confer efforts and amended filings (like the ones the Undersigned ordered filed), rather than tit-for-tat filings. For those and other reasons, as explained below, the Undersigned denies the sanctions motions.

First, the Undersigned summarily denies the § 1927 motion and supplemental motion to the extent they seek sanctions against the **Defendants,** and not just against their *counsel*. *See, e.g., Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1331 (S.D. Fla. 2007) (explaining that § 1927 "applies only to attorneys").

Second, the Undersigned denies the § 1927 motion and Rule 11 motion to the extent that they seek sanctions for defense counsel's failure to heed docket entry 47 (i.e., the notice informing the Court that Defendants had made late settlement payments). [ECF No. 47]. Had Ocasio's counsel met and conferred with defense counsel before filing the initial § 1927 motion, defense counsel would have corrected the misstatement she made in the opposition response (just like she did in her *mea culpa* notice). [ECF No. 56]. But instead, Ocasio's counsel rushed to file the § 1927 motion, which the

Undersigned struck for failure to follow Local Rule 7.1 [ECF No. 57] and then persisted to seek sanctions on what is a moot ground.

Moreover, defense counsel filed the notice of correction well within Rule 11's 21-day safe-harbor period: Ocasio served the Rule 11 motion on January 4, 2017 [ECF No. 63, p. 9], and defense counsel filed her notice of correction the next day [ECF No. 56]. Rule 11 instructs that a sanctions motion "must *not* be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn *or appropriately corrected* within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(1) (emphasis added). Defense counsel filed a notice of correction the day after she was served with the Rule 11 motion. [ECF Nos. 56; 63, p. 9]. And yet the Rule 11 motion, filed weeks later, still accuses defense counsel of misrepresentations relative to docket entry 47. [ECF No. 63, p. 3].

Third, the Undersigned denies the § 1927 motion and Rule 11 motion because defense counsel's opposition to the motion to enforce settlement was not unreasonable and vexatious (under § 1927) or objectively frivolous (under Rule 11). When defense counsel filed her opposition response, Defendants had already made eight settlement payments and had attempted to make up for lost payments. [ECF No. 52, pp. 1–2]. Ocasio, however, insisted that Defendants defaulted under the agreement by not paying an additional $500 outlined in the settlement contract. [*See* ECF No. 45, p. 2 ("On December 8, 2016, Defendants provided Plaintiff's counsel with a check in an amount

11

equal to the installment payment amount, *but without the additional $500.00 as required under the agreement*.") (emphasis added)].

Defense counsel countered that (1) the $500 was an unenforceable penalty, (2) Ocasio needed to serve another cure notice to collect the $500, and (3) the failure to pay $500 did not warrant a default under an agreement when Defendants had already paid a significant portion of the settlement. [*See generally* ECF No. 52]. Because Ocasio, at the Undersigned's directions, amended the motion to enforce settlement to include Defendant's later failures to make entire installment payments, the $500-penalty issue became moot. [*See* ECF Nos. 79–81]. But the Undersigned did not then, and does not now, consider defense counsel's arguments frivolous or unreasonable; defense counsel presented a colorable argument that the $500 penalty was unenforceable and should not result in a default. Colorable does not mean successful, to be sure, but it also does not mean unreasonable.

Fourth, the Undersigned denies the supplemental § 1927 motion because it was based on "notices" of breaches that were not motions and, therefore, did not undermine the response in opposition. In the supplemental § 1927 motion, Ocasio argued that even though he "notified the Court on multiple occasions that Defendants have completely failed to pay multiple installments pursuant to the Settlement Agreement that occurred after the motion for sanctions had been fully briefed," defense counsel "refuses" to withdraw her opposition to the motion to enforce settlement. [ECF No. 70, p. 1].

But as the Undersigned explained during the August 2017 status conference, *notices* are not *motions*. The Court does not act on notices; it acts on motions. Ocasio did not amend his motion to enforce to include these later breaches until after the Undersigned instructed him to do so. [ECF Nos. 79; 81]. After the Undersigned's instructions, defense counsel admitted that Defendants had breached the settlement agreement and did not file an opposition response to the amended motion to enforce settlement. Thus, the supplemental § 1927 motion is meritless. [ECF No. 80].

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 8, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record